**C.D. JOINER, on behalf of himself and others similarly situated, Plaintiffs-Appellants, Cross-Appellee,**

v.

**CITY OF MACON, Defendant-Appellee, Cross-Appellant.**

No. 86–8284.

United States Court of Appeals, Eleventh Circuit.

April 20, 1987.

Charles Orlove, Chicago, Ill., David L. Mincey, Macon, Ga., for Joiner.

W. Warren Plowden, Jr., Joan W. Wooley, City Atty., Macon, Ga., for City of Macon.

Before GODBOLD and VANCE, Circuit Judges, and SWYGERT,* Senior Circuit Judge.

SWYGERT, Senior Circuit Judge:

This appeal questions a liquidated damages award under the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 207, 216(b) and the Portal to Portal Act, 29 U.S.C. § 260. We hold that the district court erred in failing to award liquidated damages for the full period of time claimed by the plaintiffs. Therefore, we reverse but require that prejudgment interest awarded for that period be credited against the new liquidated damages award.

## I

This case involved the application of FLSA overtime compensation requirements to public employees working for the Macon, Georgia mass transit system. The City of Macon (the City) did not pay its transit operators overtime wages at one and one-half times their regular hourly rate during the time in question. C.D. Joiner and a class of employees of the Macon Transit System filed suit against the City for overtime pay from May 1, 1976 and for a permanent injunction to compel overtime pay in the future. The City defended, claiming that the tenth amendment barred application of FLSA provisions because its mass transit system was a traditional governmental service. The district court held that the Macon Transit System was not a traditional governmental function and the City must comply with the FLSA overtime requirements. This court heard this case on interlocutory appeal, affirmed the district court's finding that the FLSA applied to the transit system, and remanded for further proceedings. *Alewine v. City Council of Augusta, Ga.,* 699 F.2d 1060, 1070 (11th Cir.1983), *cert. denied sub nom.*

*City of Macon v. Joiner,* 470 U.S. 1027, 105 S.Ct. 1391, 84 L.Ed.2d 781 (1985).

On remand, the district court awarded damages to the plaintiffs, including liquidated damages for each FLSA violation that occurred on and after April 27, 1981, the date of the district court's initial opinion holding the City liable for unpaid overtime compensation. *Joiner v. City of Macon,* 627 F.Supp. 1532, 1538 (M.D.Ga.1986). Joiner appealed and the City cross-appealed from the final partial judgment entered pursuant to Fed.R.Civ.P. 54(b). Both appeals dispute the liquidated damages award. Joiner seeks liquidated damages back to December 21, 1979. The City argues that liquidated damages are not appropriate in this case and seeks to reverse the damages awarded after April 27, 1981.

## II

The FLSA provides in pertinent part:
(a)(1) ... no employer shall employ any of his employees ... for a workweek longer than forty hours, unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

29 U.S.C. § 207.

\* \* \* \* \* \*

(b) Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their ... unpaid overtime compensation ... and in an additional equal amount as liquidated damages.

29 U.S.C. § 216(b).

The Portal to Portal Act provides, in pertinent part:
Liquidated Damages

In any action ... to recover ... unpaid overtime compensation, or liquidated damages, under the Fair Labor Standards Act of 1938 as amended [29 U.S.C.A. §§ 201 *et seq.*], if the employer

---

\* Honorable Luther M. Swygert, Senior U.S. Circuit Judge for the Seventh Circuit, sitting by designation.

shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation ... the court may, in its sound discretion, award no liquidated damages or award any amount thereof not to exceed the amount specified in section 216 of [FLSA].

29 U.S.C. § 260.

An employer who seeks to avoid liquidated damages bears the burden of proving that its violation was "both in good faith and predicated upon such reasonable grounds that it would be unfair to impose upon him more than a compensatory verdict." *Reeves v. International Tel. & Tel. Corp.,* 616 F.2d 1342, 1352–53 (5th Cir. 1980), *cert. denied,* 449 U.S. 1077, 101 S.Ct. 857, 66 L.Ed.2d 800 (1981) (quoting *Barcellona v. Tiffany English Pub, Inc.,* 597 F.2d 464, 468 (5th Cir.1979)). An employer, who knew or had reason to know that the FLSA applied, could not establish good faith as a defense. *Reeves,* 616 F.2d at 1352–53 (citing *Brennan v. Heard,* 491 F.2d 1, 3 (5th Cir.1974)). Thus, the district court's decision whether to award liquidated damages does not become discretionary until the employer carries its burden of proving good faith. In other words, liquidated damages are mandatory absent a showing of good faith. *EEOC v. First Citizens Bank of Billings,* 758 F.2d 397, 403 (9th Cir.), *cert. denied,* — U.S. —, 106 S.Ct. 228, 88 L.Ed.2d 228 (1985).

Before a district court may exercise its discretion to award less than the full amount of liquidated damages, it must explicitly find that the employer acted in good faith. *Williams v. Tri-County Growers, Inc.,* 747 F.2d 121, 129 (3d Cir.1984). In the present case, the district court imposed liquidated damages only from April 27, 1981, the date of its decision on liability. The court, however, made no finding of good faith prior to that date. Therefore, it lacked discretion to award only partial liquidated damages.

The plaintiff class in this case seeks liquidated damages dating from December 21, 1979. They assert that on and after that date the City's failure to pay FLSA overtime wages became willful. The Department of Labor (DOL) formerly had a "Special Enforcement Policy Concerning States and Political Subdivisions" that exempted all governmental functions from FLSA requirements. *See* 29 C.F.R. § 775.2. On December 21, 1979, the DOL amended the policy to remove "local mass transit systems" from the exemption. 29 C.F.R. § 775.3(b)(3). Accordingly, plaintiffs argue that from that day forward the City could not reasonably and in good faith believe that the FLSA requirements did not apply.

We agree with the plaintiffs. The DOL's policy change deprived the City of a good faith defense. We find that because the City has no good faith defense, liquidated damages were mandatory. The district court erred in failing to award liquidated damages beginning December 21, 1979. Therefore, we REVERSE the district court and order that liquidated damages be awarded from December 21, 1979.

Plaintiffs may not recover both liquidated damages and prejudgment interest under the FLSA. *See Brooklyn Savings Bank v. O'Neil,* 324 U.S. 697, 715, 65 S.Ct. 895, 906, 89 L.Ed. 1296 (1945); *Barcellona,* 597 F.2d at 469. Because we hold that liquidated damages must be awarded back to December 21, 1979, any prejudgment interest awarded for the period from December 21, 1979 to April 27, 1981 must be credited against the new award.