Robert G. **KENNEDY,** Plaintiff,

v.

**CRITICAL INTERVENTION SERVICES, INC.,** Defendants.

**No. 8:00–CV–1974–T–TBM.**

United States District Court, M.D. Florida, Tampa Division.

March 11, 2002.

Randall V. Shanafelt, Shanafelt Law Firm, P.A., St. Petersburg, FL, for plaintiff.

J. Robert McCormack, Persante & McCormack, P.A., Clearwater, FL, for defendants.

### *ORDER*

MCCOUN, United States Magistrate Judge.

THIS MATTER is before the court on **Plaintiff's Motion for Liquidated Damages and Supporting Memorandum of Law** (Doc. 76), as corrected (Doc. 86), and Defendants' response in opposition (Doc. 80). Oral arguments on the motion were heard on February 20, 2002.

### I.

Following a trial in this cause, the jury rendered a verdict in favor of the Plaintiff upon findings that he was not paid on a salaried basis and his work was not primarily as a manager. Plaintiff was awarded $12,548.78 in overtime pay. *See* (Doc. 73). The jury further found in Defendants' favor that Plaintiff was not terminated in retaliation for his engaging in a statutorily protected activity. *See id.* On November 9, 2001, this court entered judgment in favor of the Plaintiff in the amount of $12,548.78 in accordance with the jury's verdict. *See* (Doc. 74). Subsequently, the court denied Defendants' Motion for Judgment as a Matter of Law, or in the Alternative for New Trial. *See* (Doc. 88).

By the instant motion, Plaintiff seeks an Order awarding Plaintiff liquidated damages in the amount of $12,548.78. As grounds, Plaintiff argues that Defendants failed to show that they acted in good faith and with reasonable grounds to believe that Plaintiff was exempt from the Fair Labor Standards Act (hereinafter "FLSA") under the managerial exemption. In particular, Plaintiff argues that the evidence shows that Defendants lacked knowledge concerning the amount of time Plaintiff spent performing regular, nonexempt duties as a security guard at Channel 28. Additionally, Plaintiff argues that the jury found his primary duties were non-managerial, and Defendants failed to show otherwise. In response, Defendants argue that CIS's consultation with attorneys concerning the matter demonstrates good faith and that Plaintiff's discretionary powers and freedom from supervision were indicative of Defendants' belief that Plaintiff's duties were primarily managerial.

### II.

Under the FLSA, "[a]ny employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of ... their unpaid over-

time compensation ... and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). Liquidated damages under the FLSA are compensatory in nature. *Snapp v. Unlimited Concepts, Inc.*, 208 F.3d 928, 938–39 (11th Cir.2000). Section 11 of the Portal–to–Portal Act provides in pertinent part:

> [I]f the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the Fair Labor Standards Act of 1938, as amended, the court may, in its sound discretion, award no liquidated damages or award any amount thereof not to exceed the amount specified in section 216 of this title.

29 U.S.C. § 260. The determination of whether an employer acted in good faith and had reasonable grounds for believing that its act or omission was not a violation of the FLSA has both subjective and objective components. *Dybach v. State of Fla. Dep't of Corrections*, 942 F.2d 1562, 1566 (11th Cir.1991) (citing 29 C.F.R. §§ 790.13 *et seq.* (1987)). To satisfy the subjective "good faith" component, the employer bears the burden of proving that it has "an honest intention to ascertain what [the Act] requires and to act in accordance with it." *Dybach*, 942 F.2d at 1566 (quoting *Brock v. Shirk*, 833 F.2d 1326, 1330 (9th Cir.1987)). If the employer fails to demonstrate good faith, liquidated damages are mandatory. *Spires v. Ben Hill County*, 980 F.2d 683 (11th Cir.1993); *Dybach*, 942 F.2d at 1566–67 (quoting *EEOC v. First Citizens Bank of Billings*, 758 F.2d 397, 403 (9th Cir.1985)). The employer must also demonstrate that it had reasonable grounds for believing that its con-

duct comported with the requirements of the FLSA. *Dybach*, 942 F.2d at 1567.

Defendants assert that CIS sought legal advice concerning its payment plan and compliance with the FLSA. In particular, Defendants rely on the letter of July 30, 1996, and memorandum of July 27, 1996, from John M. Breckenridge, Jr., to K.C. Poulin as evidence of good faith. This correspondence provides a general outline of the FLSA and invites Mr. Poulin to discuss any particular method of payment with respect to individual employees or groups of employees. Additionally, the evidence reveals that Defendants received other legal counsel on this matter. I conclude that Defendants demonstrated a subjective intention to avoid violating the FLSA. Precisely when that payment scheme was initiated was the subject of dispute at trial; however, on the whole, the evidence reveals that the Defendants were aware of this law and believed that they were in compliance with it with this payment.

However, I conclude that an objective review of the entirety of the trial evidence does not support Defendants' contention that they reasonably believed Plaintiff was an exempt employee under the FLSA. As noted above, the jury found that Plaintiff was an hourly employee whose work was primarily as a security guard with some supervisory duties. I have agreed that the evidence supported this conclusion.[1] Upon further consideration of the evidence, I find that Plaintiff was merely an hourly employee by any objective measure of the circumstances of this case. Plaintiff was never at any time paid on a basis other than an hourly basis. While he enjoyed some supervisory authority, he was not in management. Defendants' belief that it

---

1. The jury may also have concluded that this payment scheme did not arise until Plaintiff complained. Such a finding would under-

mine the Defendants' position both from a subjective and an objective reasonableness standpoint.

was in compliance with FLSA overtime pay provisions was not objectively reasonable. Accordingly, Defendants have failed to meet its burden, and an award of liquidated damages in an amount equal to Plaintiff's overtime pay award is mandatory in this instance.

Accordingly, it is **ORDERED** that the **Plaintiff's Motion for Liquidated Damages and Supporting Memorandum of Law** (Doc. 76), as corrected (Doc. 86), is **GRANTED** to the extent that Plaintiff is awarded liquidated damages in the amount of $12,548.78.[2]

---

**2.** Insofar as the Plaintiff requests that the court retain jurisdiction to award prejudgment interest, the motion is **DENIED.** *See Joiner v. City of Macon,* 814 F.2d 1537, 1539 (11th Cir.1987) ("Plaintiffs may not recover both liquidated damages and prejudgment interest under the FLSA.") (citing *Brooklyn Sav. Bank v. O'Neil,* 324 U.S. 697, 715, 65 S.Ct. 895, 89 L.Ed. 1296 (1945)).