EVANDER, J.
We reverse the attorney’s fee award entered in favor of appellees, Pamela Brown and Karen Romagosa, because the trial court’s order fails to allow meaningful appellate review.
Appellees each filed an eight-count complaint for breach of contract, failure to pay overtime pursuant to the Fair Labor Standards Act (FLSA),[1] wrongful discharge, retaliatory discharge (under both federal and state whistle blower statutes), fraud, fraud in the inducement, and negligent misrepresentation. The cases were consolidated for discovery and trial. The jury returned a verdict in favor of appellant, Dr. Gail Van Diepen, P.A., on all but the overtime claims. Both appellees prevailed on their FLSA claim for overtime pay and, accordingly, were entitled to recover reasonable attorney’s fees attributable to such claims.[2]
After a contested evidentiary hearing, the trial court awarded attorney’s fees of $40,015.00 to Brown and $32,030.00 to Ro-magosa. Van Diepen contends that the trial court’s awards constituted an abuse of discretion because (1) appellees’ counsel’s billing statements failed to properly separate the time attributable to the overtime claims from the time expended on those claims on which appellees were unsuccessful; and (2) the billing statements contained numerous errors and inaccuracies, as admitted by appellees’ counsel.
The parties agree that federal law governs the disposition of this appeal because the appellees prevailed under the FLSA. The standard of review of an attorney’s fee award is abuse of discretion. Loranger v. Stierheim, 10 F.3d 776 (11th Cir.1994). The starting point in the determination of an attorney’s fee award is to multiply the number of hours reasonably *40 expended by a reasonable hourly rate. Hensley v. Eckerharb, 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983).
In determining the reasonable number of hours, the trial court should require the party requesting fees to submit supporting documentation. Where the documentation is inadequate, the court may reduce the award accordingly. Id. The trial court is not to include hours that were excessive, redundant or otherwise unnecessary. Id. at 434, 103 S.Ct. 1933. Furthermore, time expended solely on an unsuccessful claim is to be excluded. Id. See also Norman v. Hous. Auth. of City of Montgomery, 836 F.2d 1292, 1302 (11th Cir.1988).
Although a court has wide discretion in determining an attorney’s fee award, that discretion is not unlimited. A conclusionary statement that a particular fee is reasonable is generally insufficient. Norman, 836 F.2d at 1304. The court’s order must allow meaningful appellate review — that is, the trial court “must articulate the decisions it made, give principled reasons for those decisions, and show its calculation.” Id.
Here, the trial court’s order merely recited the amount of attorney’s fees to be awarded to each plaintiff. The order does not set forth the reasonable amount of hours the trial court found to be attributable to the FLSA overtime claims, the hourly rate(s) utilized by the trial court,[3] or whether the trial court made any adjustments to the lodestar amount. As a result, this court is unable to engage in any meaningful review.
On remand, the trial court must determine the amount of reasonable hours which were related to the FLSA overtime claims. Appellees’ counsel’s billing records clearly indicate that there was a significant number of hours expended on matters solely related to appellees’ unsuccessful claims. The trial court may, in its discretion, take additional evidence on this issue.
Van Diepen also contends that the trial court erred in failing to require the appellees to produce their written fee agreements. We agree. These agreements were subpoenaed by Van Diepen to be produced at the attorney’s fee hearing. Although a court is not bound by the terms of a fee agreement in determining the amount of fees to be awarded under 29 U.S.C. § 216(b), the court may consider the nature of the agreement in determining a fee award. United Slate, Tile & Comp. Roofers, Damp and Waterproof Workers Ass’n, Local 307 v. G & M Roofing & Sheet Metal Co., Inc., 732 F.2d 495, 504 (6th Cir.1984). Accordingly, Van Diepen was entitled to introduce the fee agreement into evidence.
REVERSED and REMANDED.
PLEUS and MONACO, JJ., concur.

. 29 U.S.C., § 201, et. seq.

. 29 U.S.C., § 216(b).

. Although Van Diepen did not contest appel-lees’ requested rates of $220/hour for lead counsel, $ 150/hour for associate counsel and $65/hour for paralegal time, the trial court failed to recite the number of reasonable hours which were expended at each rate.