[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

No. 14-14795

D.C. Docket No.  1:10-cv-23548-MGC

HUMBERTO REYES,

Plaintiff - Appellant,

versus

AQUA LIFE CORP.,

Defendant - Appellee.

Appeal from the United States District Court
for the Southern District of Florida

(November 25, 2015)

Before MARCUS and JILL PRYOR, Circuit Judges, and RESTANI,[*] Judge.

RESTANI, Judge:

---

[*] Honorable Jane A. Restani, Judge for the United States Court of International Trade, sitting by designation.

This matter arises out of several post-verdict motions filed by appellant Humberto Reyes ("Mr. Reyes") and appellee Aqua Life Corp. ("Aqua Life"), after a jury found in favor of Mr. Reyes in his suit to recover unpaid overtime wages under the Fair Labor Standards Act ("FLSA").  Mr. Reyes appeals the district court's omnibus order denying liquidated damages, granting partial costs, and reducing his attorney's fees award by 85% as a sanction.  After careful review, and with the benefit of oral argument, we reverse the denial of liquidated damages, vacate and remand the costs award, and affirm the attorney's fees award.

## BACKGROUND

Aqua Life employed Mr. Reyes from approximately March 2008 through February 2009.  Mr. Reyes originally filed a claim for unpaid overtime wages under the FLSA against Aqua Life in state court, alleging that throughout his employment he was required to work in excess of forty hours per week without receiving overtime compensation.  Aqua Life subsequently filed for removal to the Southern District of Florida in October of 2010.[1]

The case proceeded to trial in July 2012.  At the close of evidence, the district court granted Aqua Life's motion for judgment as a matter of law based on

---

[1] Mr. Reyes also filed a separate workers' compensation claim that is not relevant to this appeal.

its Motor Carrier Act affirmative defense.[2]  Mr. Reyes appealed, and we reversed and remanded.  Reyes v. Aqua Life Corp., 522 F. App'x 494, 494 (11th Cir. 2013).  From the outset, the parties had disagreed about whether a portion of his overtime claim was barred by the FLSA's statute of limitations.[3]  On remand, prior to the second jury trial, Aqua Life attempted to simplify the proceedings by filing (as part of a motion in limine to exclude certain evidence) a stipulation stating "[w]hile [it] does not admit it was willful or reckless or that it ever violated the FLSA . . . [Aqua Life] agrees the FLSA statute of limitations does not bar [Mr. Reyes's] claim."  DE-195 at 8.  Per court order, Aqua Life subsequently filed a formal stipulation, stating that Mr. Reyes had met his burden to extend the statute of limitations, thus resolving the issue of whether a portion of the claim was time barred.  Thus, the issue of willfulness, which was relevant to the statute of limitations issue, was removed from the jury's consideration and Mr. Reyes was prevented from introducing evidence of willfulness.  At the close of the second

---

[2] Employees covered by the Motor Carrier Act are not covered by the FLSA.  See 29 U.S.C. § 213(b)(1).  Aqua Life asserted that the type of employment in which Mr. Reyes was engaged fell under the Motor Carrier Act, and accordingly, was not covered by the FLSA.

[3] The FLSA states that a claim

> may be commenced within two years after the cause of action accrued, and every such action shall be forever barred unless commenced within two years after the cause of action accrued, except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued[.]

29 U.S.C. § 255(a) (2012).

3

trial, the jury awarded Mr. Reyes overtime wages in the amount of $14,770.00 as compensatory damages.

The parties filed five post-verdict motions.  Mr. Reyes filed three motions: 1) to amend the judgment to include liquidated damages as required by the FLSA; 2) for attorney's fees; and 3) for relevant costs.  Aqua Life filed two motions: 1) for sanctions in the light of Mr. Reyes's motion for attorney's fees, which contained numerous errors; and 2) for a new trial or an alteration of the judgment, claiming misconduct on the part of the attorney for Mr. Reyes.  Aqua Life used its motion for sanctions to oppose Mr. Reyes's motions for attorney's fees and costs. Aqua Life also opposed the motion for liquidated damages, claiming that its actions, with regard to Mr. Reyes, had been taken in good faith.

During the September 19, 2014 hearing on the motions, the district court stated, "I don't think that the record is consistent with the plaintiff's argument [that liquidated damages are proper] in this case."  Appellant's App. Tab 11 at 56, ECF No. 20.  The court indicated that the issue of liquidated damages was reserved for the court and that Aqua Life had not conceded the issue in the pre-trial stipulation. Addressing the motions for attorney's fees and sanctions together, the district court stated that the numerical errors in the attorney's fees request were "egregious," and that they could not be "mere clerical mistakes."  Id. at 57–58.  Neither the parties nor the district court specifically discussed the motion for costs at the hearing.

4

After the hearing, the district court issued an omnibus order denying liquidated damages and awarding partial costs and attorney's fees. The omnibus order was not accompanied by an opinion and did not explain the reason for denying liquidated damages. The order also granted Mr. Reyes's costs award in part, reducing the requested award from $13,372.17 to $10,452.12 without explanation. The district court also granted in part, and denied in part, Mr. Reyes's motion for attorney's fees and Aqua Life's motion for sanctions, and imposed an 85% reduction upon Mr. Reyes's attorney's fees award. Mr. Reyes's attorney's fees request was thus reduced from $393,802.50 to $59,070.38. Finally, the court did not grant Aqua Life a new trial.

Mr. Reyes appeals the district court's order arguing that liquidated damages should have been awarded, that the district court improperly failed to provide a basis for the reduction of his costs award, and that the district court abused its discretion in imposing an 85% reduction on the attorney's fees award as a sanction.

**STANDARD OF REVIEW**

A district court's denial of liquidated damages under the FLSA is reviewed de novo as to the application of law, and for clear error as to the facts. Dybach v. State of Fla. Dep't of Corr., 942 F.2d 1562, 1566 (11th Cir. 1991) (citing 29 C.F.R. § 790.22(c)). After the employer has shown good faith and a reasonable belief, we review the district court's decision to exercise its discretion to award liquidated

5

damages for abuse of discretion.  Id.  "An abuse of discretion occurs if the judge

fails to apply the proper legal standard or to follow proper procedures in making

the determination, or bases an award upon findings of fact that are clearly

erroneous."  In re Red Carpet Corp. of Panama City Beach, 902 F.2d 883, 890

(11th Cir. 1990).

"[T]he issuance of sanctions [under the district court's inherent powers] and

the denial of a request for attorney's fees and costs [are reviewed] for abuse of

discretion."  Sahyers v. Prugh, Holliday & Karatinos, P.L., 560 F.3d 1241, 1244

(11th Cir. 2009); see Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc., 561

F.3d 1298, 1303 (11th Cir. 2009).

## DISCUSSION

### I.    Liquidated Damages

Under the FLSA, liquidated damages are mandatory absent a showing of

good faith by the employer.  See 29 U.S.C. § 216(b) (2012); Joiner v. City of

Macon, 814 F.2d 1537, 1538–39 (11th Cir. 1987).  Although liquidated damages

are typically assessed at an equal amount of the wages lost due to the FLSA

violation, they can be reduced to zero at the discretion of the court.  See 29 U.S.C.

§§ 216(b), 260.  If an

> employer shows to the satisfaction of the court that the act or omission
> giving rise to such action was in good faith and that he had reasonable
> grounds for believing that his act or omission was not a violation of

the Fair Labor Standards Act . . . the court may, in its sound discretion, award no liquidated damages . . . .

29 U.S.C. § 260.

An employer who seeks to avoid liquidated damages bears the burden of proving to the court that its violation was "both in good faith and predicated upon such reasonable grounds that it would be unfair to impose upon him more than a compensatory verdict." Reeves v. Int'l Tel. & Tel. Corp., 616 F.2d 1342, 1352 (5th Cir. 1980)[4] (quoting Barcellona v. Tiffany English Pub, Inc., 597 F.2d 464, 468 (5th Cir. 1979)). "Before a district court may exercise its discretion to award less than the full amount of liquidated damages, it must explicitly find that the employer acted in good faith." Joiner, 814 F.2d at 1539.

The district court erred in denying liquidated damages on this record. Aqua Life had the burden of proving good faith and reasonable belief and failed to carry that burden. The only evidence of the alleged good faith was the testimony of its Vice President, Mr. Ibarra, who ostensibly researched the Motor Carrier Act exception to the FLSA, concluding that Mr. Reyes did not need to be paid overtime hours for his work. Yet, Mr. Ibarra also admitted that he had never heard of the FLSA until legal action was taken by Mr. Reyes. Aqua Life thus did not make a sufficient factual showing upon which the district court could have reasonably

---

[4] The decisions by the former Fifth Circuit handed down prior to October 1, 1981, have been adopted as precedent by the Eleventh Circuit. See Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

7

relied to deny liquidated damages and the record does not support the district court's refusal to grant liquidated damages.

We need not reach Mr. Reyes's alternative arguments against the denial of liquidated damages, as the factual record contains no evidence to support the district court's denial of liquidated damages. Accordingly, we REVERSE, and direct the district court to assign full liquidated damages in the amount of $14,770.00 to Mr. Reyes.

## II.    Costs

Full taxable costs are expressly awarded to a prevailing plaintiff in an FLSA action. 29 U.S.C. § 216(b). Although trial courts have discretion to reduce or deny a costs award, a court's failure to state its reasoning for denying costs constitutes reversible error. See Holton v. City of Thomasville Sch. Dist., 425 F.3d 1325, 1355–56 (11th Cir. 2005); Gilchrist v. Bolger, 733 F.2d 1551, 1557 (11th Cir. 1984). Here, the record contains no findings of fact, or any reasoning, explaining the district court's reduction in costs. It may be that the award was proper, but there is no way to tell from the record presented. Accordingly, the district court's cost award is VACATED, and we REMAND for the district court to explain why the costs award was reduced.

### III.    Attorney's Fees

The FLSA provides that a court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant."  29 U.S.C. § 216(b).  The Supreme Court has explained that the "starting point for determining . . . a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).  The "applicant bears the burden of establishing entitlement and documenting" reasonable hours expended and reasonable hourly rates.  See ACLU v. Barnes, 168 F.3d 423, 427 (11th Cir. 1999). If "applicants do not exercise billing judgment, courts are obligated to . . . cut the amount of hours for which payment is sought, pruning out those that are 'excessive, redundant, or otherwise unnecessary.'"  See id. at 428 (quoting Hensley, 461 U.S. at 434).

Courts have the inherent power to impose sanctions when a party acts in bad faith.  See Chambers v. NASCO, Inc., 501 U.S. 32, 45–46 (1991); Barnes v. Dalton, 158 F.3d 1212, 1214 (11th Cir. 1998).  The bad faith standard is an objective one.  Norelus v. Denny's, Inc., 628 F.3d 1270, 1282 (11th Cir. 2010) ("[O]bjectively reckless conduct is enough to warrant sanctions even if the attorney does not act knowingly and malevolently." (quoting Amlong & Amlong, P.A. v. Denny's, Inc., 500 F.3d 1230, 1241 (11th Cir. 2006)).  A review of bad faith is a

9

comparison of "the conduct at issue with how a reasonable attorney would have acted under the circumstances."  Id.

Analysis of the district court's actions must begin with the finding of bad faith on the part of the attorney for Mr. Reyes.  On the discussion of possible sanctions, the court stated:

> I am unprepared to say that what you put down were mere clerical mistakes. They can't be . . . . [T]here are many of your entries that are three and four times [the amount] . . . . [T]his conduct was egregious. There is just no place for this.  It just really was no place for this.

Appellant's App. Tab 11 at 57–58.  Although the court did not specifically state that the attorney for Mr. Reyes acted in "bad faith," on this record the court's determination that the attorney's errors were "egregious"[5] suffices.  A contrary conclusion would exalt form over substance.  C.f. Cogan v. Allianz Life Ins. Co. of N. Am., 592 F. Supp. 2d. 1349, 1355 (N.D. Ala. 2008) (holding that the effect of a district court's dismissal is "determined by its substance, and not by the incantation of any particular magic words" (quoting Schal Bovis, Inc. v. Cas. Ins. Co., 732 N.E.2d 1082, 1087 (Ill. App. Ct. 1999)).  The egregious conduct here, namely, the repeated and inexcusable improper billing entries, meets the objective recklessness standard for bad faith.

---

[5] Black's Law Dictionary defines egregious as, "[e]xtremely or remarkably bad; flagrant." Egregious, Black's Law Dictionary (9th ed. 2014).

10

Specifically, in its analysis of the fee request, the court mentioned the egregious nature of improperly filing a fee request for an easily calculable time entry, and that the attorney for Mr. Reyes asserted in his fee application that he had spent "three to four times" the actual time spent on tasks. The court noted the errors were numerous, and could not be "mere clerical mistakes." Appellant's App. Tab 11 at 57–58.

Mr. Reyes argues that even in the light of a finding of bad faith, the district court must show its calculation in a fee award reduction. We have stated that "when hours are disallowed the court should identify the hours disallowed and explain why they are disallowed." Loranger v. Stierheim, 10 F.3d 776, 783 (11th Cir. 1994). We have recognized, however, that in cases "[w]here fee documentation is voluminous," it is not feasible to require a court to "engage in such a precise review." Id. Such is the case here, as Mr. Reyes's fee application totaled eighty-eight pages, contained 729 time entries, and requested fees for over 1,000 hours of attorney time. The district court's decision not to detail its calculation in this case was thus reasonable. See, e.g., Villano v. City of Boynton Beach, 254 F.3d 1302, 1311 (11th Cir. 2001) (noting that 569 hours were extensive enough not to expect district court to conduct an hour-by-hour analysis). The court properly used its inherent power to determine the appropriate sanction in the light of Mr. Reyes's attorney's conduct. Mr. Reyes's attorney's fees request contained

over fifty significant time entry errors, forty-six of which Mr. Reyes's attorney admitted to after the fact, explaining them as "misplacement of decimal." DE-262-2. Given the severity of the time-keeping errors, the 85% reduction was a reasonable sanction and does not constitute an abuse of discretion. Accordingly, we AFFIRM the attorney's fees award.

## CONCLUSION

For the foregoing reasons, the district court's order is REVERSED in part, VACATED and REMANDED in part, and AFFIRMED in part.