[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-14319
_____

D.C. Docket No. 1:12-cv-24358-JLK


JOE GORDILS,
FRANCISCO RAMOS,
BEYMAR SABOGAL,
PEDRO P. SOSA,
and all others similarly situated under 29 U.S.C. 216(B),
RIDER MORALES,

Plaintiffs – Appellants,

CHRISTIAN R. DIAZ, et al.,

Plaintiffs,

LAZARO PONTON,

Plaintiff – Counter
Defendant,

versus

OCEAN DRIVE LIMOUSINES, INC.,
OCEAN DRIVE LIMOUSINES, INC. SO. FLA.,
RICHARD BENNETTI,
MELISSA BENNETTI,

Defendants - Counter
Claimants – Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(November 21, 2016)


Before MARCUS and BLACK, Circuit Judges, and COHEN,[*] District Judge.

PER CURIAM:

Joe Gordils, Francisco Ramos, Beymar Sabogal, Rider Morales, and Pedro P. Sosa (Appellants) appeal two issues in their Fair Labor Standards Act (FLSA) case after a jury determined their employer, Ocean Drive Limousines, Inc. (Ocean Drive) had not violated minimum wage or overtime laws, but then went on to award damages for unpaid overtime. Appellants do not appeal the inconsistent verdict, but assert (1) the trial court abused its discretion in failing to give a requested jury instruction on cost reimbursement, and (2) the trial court erred in failing to award liquidated damages on the amount of their award for overtime wages.

"We review only for an abuse of discretion a district court's refusal to give a requested jury instruction." *Lamonica v. Safe Hurricane Shutters, Inc.*, 711 F.3d 1299, 1309 (11th Cir. 2013) (quotations omitted). "In refusing to give a requested

_____

[*] Honorable Mark Howard Cohen, United States District Judge, for the Northern District of Georgia, sitting by designation.

jury instruction, '[a]n abuse of discretion is committed only when (1) the requested instruction correctly stated the law, (2) the instruction dealt with an issue properly before the jury, and (3) the failure to give the instruction resulted in prejudicial harm to the requesting party.'" *Id.* (quotations omitted).  The failure to give the cost reimbursement instruction did not result in prejudicial harm to Appellants. The jury heard argument that Appellants' fuel and cleaning costs should be considered in calculating minimum wage and overtime owed during both opening and closing arguments, and Appellants testified regarding their fuel and cleaning costs.  The jury was aware that Appellants' calculation of minimum wage and overtime took into account the drivers paying their own fuel and cleaning costs. Thus, the failure to give a specific instruction on cost reimbursement did not result in prejudicial harm to Appellants.  The district court did not abuse its discretion in failing to give the requested instruction.

We review a district court's decision to award liquidated damages under the FLSA for an abuse of discretion.  *Rodriguez v. Farm Stores Grocery, Inc.*, 518 F.3d 1259, 1272 (11th Cir. 2008).  The district court did not abuse its discretion in refusing to award liquidated damages for two independent reasons.  First, the jury found that Ocean Drive had not failed to pay the drivers minimum wages or overtime as "required by law."  This finding was never contested.  There was thus

3

no violation of the FLSA that necessitated the imposition of liquidated damages and the district court did not abuse its discretion in so finding.

Moreover, Melissa Bennetti testified that Ocean Drive had been audited by the Department of Labor, and no overtime violations were found.  Only later did Ocean Drive discover that some overtime wages were owed the drivers, and they admitted certain amounts were owed.  Ocean Drive met its burden of proving its entitlement to the safe harbor provision, as the omission giving rise to the action was made in good faith and Ocean Drive had reasonable grounds for believing it was not violating overtime laws.  *See id.* at 1272-73;  *Joiner v. City of Macon*, 814 F.2d 1537, 1539 (11th Cir. 1987).

**AFFIRMED.**