IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

BMW OF NORTH AMERICA, LLC,

      Appellant,

v.

      Case No.  5D21-885
      LT Case No.  2016-CA-001413

MARIE LOUISE HENRY,

      Appellee.

_____/

Opinion filed April 8, 2022

Appeal from the Circuit Court
for Lake County,
Brian Welke, Judge.

James H. Wyman, of Hinshaw &
Culbertson LLP, Coral Gables, for
Appellant.

Theodore F. Greene, III, of Law
Offices of Theodore F. Greene, LC,
Orlando, and Jeremy Kespohl, of
Morgan & Morgan, P.A., Jacksonville,
for Appellee.

PER CURIAM.

BMW of North America, LLC ("BMW") appeals the trial court's final judgment awarding attorney's fees and costs to Marie Henry. BMW primarily argues the trial court erred in determining that Henry was entitled to a contingency multiplier pursuant to the Magnuson-Moss Warranty Act ("MMWA"), 15 U.S.C. §§ 2301–2312. We affirm in part, reverse in part, and remand to the trial court for correction of the attorney's fee award.

Henry successfully sued BMW under the MMWA, and the jury awarded her $11,549.48, reflecting diminished value of her vehicle and incidental and consequential damages.[1] Thereafter, Henry moved for entry of final judgment and for an award of attorney's fees and costs as a prevailing party pursuant to the MMWA's fee-shifting provision.[2] She sought $134,575 in fees as well as a contingency multiplier.

---

[1] Henry's complaint alleged various defects pertaining to her vehicle, which BMW failed to reasonably repair in violation of its express and implied warranties.

[2] The MMWA provides, in pertinent part:

> (2) If a consumer finally prevails in any action brought under paragraph (1) of this subsection, he may be allowed by the court to recover as part of the judgment a sum equal to the aggregate amount of cost and expenses (including attorneys' fees based on actual time expended) determined by the court to have been reasonably incurred by the plaintiff for or in connection with the commencement and prosecution of such action, unless the court in its

After an evidentiary hearing, the trial court awarded the majority of fees sought and applied a contingency multiplier of 1.5, resulting in a total fee award of $178,335.[3] On appeal, BMW contends that because Henry prevailed under a federal fee-shifting statute, federal law governs the attorney's fee award, which prohibits the application of a contingency multiplier. BMW also argues the trial court abused its discretion by failing to reduce Henry's fee award for hours relating to her second counsel's work and hours expended in filing unnecessary motions. We address two preliminary questions before turning to the merits of the contingency multiplier issue.

The first is our standard of review. BMW argues for a de novo standard while Henry contends the standard is abuse of discretion. We agree with BMW that the multiplier issue calls for a de novo standard of review because analysis of the trial court's application of a multiplier turns on a question of law—whether federal law applies to the attorney's fee award, such that a contingency multiplier would be prohibited, or whether state law controls,

discretion shall determine that such an award of attorneys' fees would be inappropriate.

15 U.S.C. § 2310(d)(2).

[3] BMW does not challenge the portion of the final judgment related to costs.

rendering a multiplier permissible. See Torruella v. Nationstar Mortg., LLC, 308 So. 3d 674, 676 (Fla. 5th DCA 2020) ("[T]o the extent a trial court's order on attorney's fees is based on its interpretation of the law, an appellate court employs the de novo standard of review." (citations omitted)).

The next threshold question is whether an attorney's fee award is procedural or substantive. If procedural, Henry asserts that federal law is not binding on Florida courts. However, the Florida Supreme Court has determined that "a statutory right to attorney's fees constitutes a substantive right." Bionetics Corp. v. Kenniasty, 69 So. 3d 943, 948 (Fla. 2011) (citations omitted); Bitterman v. Bitterman, 714 So. 2d 356, 363 (Fla. 1998); see also L. Ross, Inc. v. R.W. Roberts Constr. Co., 466 So. 2d 1096, 1098 (Fla. 5th DCA 1985) ("The right to an attorney's fee is substantive because it gives to a party who did not have that right the legal right to recover substance (money!) from a party who did not theretofore have the legal obligation to render or pay that money. The right is not merely a new or different remedy to enforce an already existing right and is, for that reason, not merely procedural."). Federal case law also demonstrates that an attorney's fee award is substantive. See Rodriguez v. Cnty. of Los Angeles, 891 F.3d 776, 809 (9th Cir. 2018) (recognizing calculation of attorney's fees and application of multiplier as "substantive matter").

4

We now turn to BMW's first argument on appeal. Because an attorney's fee award is substantive in nature, it follows that substantive rulings on federal fee-shifting statutes by the U.S. Supreme Court are binding on Florida courts. See Carnival Corp. v. Carlisle, 953 So. 2d 461, 465 (Fla. 2007) ("[S]tate courts are bound by the decisions of the United States Supreme Court construing federal law . . . ." (citations omitted)). As a result, the trial court's reliance on state law in concluding that Henry was entitled to a contingency multiplier, specifically, Joyce v. Federated National Insurance Co., 228 So. 3d 1122 (Fla. 2017), was in error where Henry prevailed only under a federal statute.

U.S. Supreme Court precedent addressing contingency multipliers and attorney's fee awards under federal fee-shifting statutes makes clear that such enhancements are prohibited. City of Burlington v. Dague, 505 U.S. 557, 567 (1992) (holding that "enhancement for contingency is not permitted under the fee-shifting statutes at issue").[4] However, a trial court may enhance a fee award based upon superior attorney performance, which involves three types of "rare and exceptional circumstances," including: (1)

_____

[4] The fact that Dague addressed different federal fee-shifting statutes than the MMWA is of no import. Dague, 505 U.S. at 562 ("This language is similar to that of many other federal fee-shifting statutes; our case law construing what is a 'reasonable' fee applies uniformly to all of them." (internal citations omitted)).

5

where the method used in determining the hourly rate employed in the lodestar calculation does not adequately measure the attorney's true market value, as demonstrated in part during the litigation; (2) if the attorney's performance includes an extraordinary outlay of expenses and the litigation is exceptionally protracted; and (3) an attorney's performance involves exceptional delay in the payment of fees. Perdue v. Kenny A. ex rel. Winn, 559 U.S. 542, 554–56 (2010).

Since Dague, both state and federal courts have acknowledged the prohibition against contingency multipliers under federal fee-shifting statutes, including the MMWA. See Volkswagen of Am., Inc. v. Smith, 690 So. 2d 1328, 1332 (Fla. 1st DCA 1997) ("The trial judge applied a multiplier to enhance the attorney's fees awarded to Smith under the [MMWA] claim . . . . As the court held in [Dague], it is improper to apply a multiplier to enhance an attorney's fee if entitlement to fees is based on a fee-shifting statute."); First Fed. Sav. & Loan Ass'n of Palm Beaches v. Bezotte, 740 So. 2d 589, 591 (Fla. 4th DCA 1999) (applying Dague and reversing trial court's application of multiplier where fee award was granted under federal fee-shifting statute); see also Hous. Specialty Ins. Co. v. Vaughn, 749 Fed. Appx. 800, 803–04, n.4 (11th Cir. 2018) (affirming trial court's application of multiplier to attorney's fee award pursuant to Florida statute but recognizing,

6

"if this issue were governed by federal law, a contingency fee multiplier would have been forbidden" (citing Perdue, 559 U.S. at 542; Dague, 505 U.S. at 566–67)).

The Florida Supreme Court has also acknowledged that contingency multipliers are prohibited under federal fee-shifting statutes. See Joyce, 228 So. 3d at 1131 ("While Perdue did not completely close the door on lodestar enhancements under federal law, Perdue clarified that Dague had indeed closed the door on any enhancements based on contingency risk." (citing Perdue, 559 U.S. at 558)). The court in Joyce addressed the application of a contingency multiplier in the context of a state fee-shifting statute and in doing so, implicitly conceded that if a federal statute were at issue, Dague would control. See id. at 1132 ("[T]his Court is not bound, in interpreting state statutes . . . , by United States Supreme Court precedent interpreting awards of attorney's fees in federal statutes." (emphasis added)).

In this case, it appears the trial court recognized this body of law but failed to apply it, instead finding that Henry was not seeking a contingency multiplier, but rather an "hourly rate multiplier" pursuant to the standard articulated in Perdue. We disagree. The testimony at the evidentiary hearing demonstrated that Henry's representation was on a contingency basis. Henry's counsel acknowledged, "If we don't win, we don't get paid." Henry's

fee expert also testified that the case was taken on a contingency basis and expressly stated, "[T]here is a factual basis for contingency risk multiplier." Additionally, a review of Henry's motion for attorney's fees and supplemental memorandum on the issue establishes that she was seeking a contingency multiplier pursuant to Florida law, not an hourly rate multiplier or an enhancement under Perdue.[5]

The trial court appears to have misunderstood the meaning of a contingency fee in reaching its conclusion. A contingency fee is not simply undertaking representation with the understanding that legal fees will consist of a percentage of the recovery. In consumer cases such as this, representation on that basis would be uneconomical for lawyers, where the likelihood of obtaining a substantial money judgment is relatively low. Representation on a contingency basis also includes representation on an hourly fee basis where it is understood that the lawyer will seek fees only

---

[5] We also reject Henry's assertion at oral argument that even if federal law controls, the application of a contingency multiplier should still be affirmed under Perdue. See Joyce, 228 So. 3d at 1131 (noting that "Perdue addressed lodestar enhancements in contexts other than contingency fee multipliers"). Moreover, Henry's pleadings below focused almost exclusively on the factors articulated in Standard Guaranty Insurance Co. v. Quanstrom, 555 So. 2d 828 (Fla. 1990) and Florida Patient's Compensation Fund v. Rowe, 472 So. 2d 1145 (Fla. 1985) and the argument that Joyce controlled over Dague.

from the adverse party; the client will not be responsible for paying fees in the event of an unsuccessful lawsuit.[6] See Dague, 505 U.S. at 560–61 ("A fee is certain if it is payable without regard to the outcome of the suit; it is contingent if the obligation to pay depends on a particular result's [sic] being obtained.").

Moreover, despite finding that it was applying an hourly rate multiplier pursuant to Perdue, the trial court (1) did not address the three circumstances under which Perdue found a multiplier permissible; and (2) expressly awarded a contingency multiplier of 1.5 pursuant to Joyce. See Perdue, 559 U.S. at 554–56; Joyce, 228 So. 3d at 1135. It did so even after conceding that Joyce was distinguishable insofar as that case dealt with a state fee-shifting statute. As such, the trial court erred in applying a contingency multiplier to Henry's fee award.

As to the second issue concerning the trial court's alleged failure to reduce Henry's fee award, our standard of review is abuse of discretion. Patricia Gail Van Diepen, P.A. v. Brown, 976 So. 2d 38, 39 (Fla. 5th DCA 2008). We find no abuse of discretion in the trial court's decision not to

---

[6] If the opposite were true, virtually no client would expend a significant amount of funds for representation only to recover a minimal amount of damages upon prevailing in the suit. Using the circumstances of this case, one would not expect to spend over $100,000 in legal fees to recover a mere $11,000 in damages.

reduce the fee award as to Henry's second attorney or for the motion filings BMW categorizes as unnecessary. However, we do find the trial court erred in failing to deduct 2.1 hours for legal work that Henry was unable to detail or describe.

In conclusion, we find the trial court erred as a matter of law in determining that Henry was entitled to a contingency multiplier under the MMWA's fee-shifting provision. We also find, with one exception, that the trial court did not abuse its discretion in refusing to reduce Henry's attorney's fee award. Accordingly, on remand the trial court shall eliminate the contingency multiplier and thereafter reduce the lodestar[7] fee award by $997.50.[8] The resultant attorney's fee award would be $117,892.50.

AFFIRMED IN PART, REVERSED IN PART AND REMANDED.

LAMBERT, C.J., EVANDER and COHEN, JJ., concur.

---

[7] See Rowe, 472 So. 2d at 1150–51.

[8] Henry's lead counsel's hourly rate was found to be $475, which amounts to $997.50 when multiplied by 2.1 hours.