DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**PETER SERRAO,**
Appellant,

v.

**MANTIS FUNDING, LLC,** and **MICHAEL MARANO,**
Appellees.

No. 4D2022-1467

[November 22, 2023]

Appeal from the County Court for the Fifteenth Judicial Circuit, Palm Beach County; Frank S. Castor, Judge; L.T. Case No. 50-2021-CC-000045-XXXX-MB.

Scott M. Behren of Behren Law Firm, Weston, for appellant.

Juan C. Zorrilla and Victor M. Velarde of Fowler White Burnett P.A., Miami, for appellees.

WARNER, J.

After obtaining a jury verdict on a claim for violation of the Fair Labor Standards Act (FLSA/Act), appellant moved for costs, liquidated damages under the Act, and attorney's fees. The trial court granted only a portion of appellant's costs, because it concluded that appellant had not prevailed on two state law actions and minimally prevailed on the FLSA action. The court denied liquidated damages under the Act, because it found that appellees had acted in good faith even though appellees had failed to pay appellant some overtime wages. The court finally denied attorney's fees, concluding that neither party had prevailed. We affirm the cost award because the trial court has discretion to determine costs under the FLSA. We reverse as to the liquidated damages, as appellees did not present evidence sufficient to find good faith under the FLSA. Finally, we reverse the denial of attorney's fees, as the FLSA requires an award of fees upon rendering of a judgment finding a FLSA violation.

Appellant was employed by appellee Mantis Funding, LLC ("Mantis") in a salaried position and was not paid overtime. Appellant sued appellee Mantis, as well as its principal, Marano, for violation of the FLSA and

claimed he was owed at least $10,475.51 in overtime and liquidated damages under the Act. He also sued appellee Mantis for breach of contract and unjust enrichment. Appellees answered, contending that appellant was a salaried employee, properly classified as exempt under the FLSA and therefore not owed any overtime. In addition, they asserted that if a violation of the FLSA occurred, the act or omission giving rise to the violation was in good faith, and they had reasonable grounds to believe the act or omission was not a violation of the FLSA. Therefore, liquidated damages were inappropriate.

During the jury trial, the court directed a verdict on appellant's breach of contract and unjust enrichment claims. On the FLSA claim, the jury returned a verdict of $808.77 for appellant finding that he proved by the greater weight of the evidence that appellees owed him overtime compensation, and appellees failed to prove that appellant was legally classified as administratively exempt under the FLSA.

After the verdict, appellant filed motions to impose liquidated damages and for attorney's fees, both pursuant to the FLSA. He also moved to tax costs pursuant to section 57.041, Florida Statutes (2021).

After a non-evidentiary hearing on the motions, the trial court denied appellant's motion for liquidated damages, finding "[Appellees] acted in good faith predicated upon reasonable grounds" and citing *Joiner v. City of Macon*, 814 F.2d 1537, 1539 (11th Cir. 1987). The trial court entered final judgment for appellant in the amount awarded by the jury with prejudgment interest, and in a separate order denied the motion for costs and for fees.

Appellant filed a motion for rehearing of the denial of fees and costs. The trial court granted the rehearing as to costs but not fees. The trial court granted costs in the amount of $1,516, which was half of appellant's requested costs, after certain cost deductions by the court. The court reasoned that appellant was not entitled to all of his costs, because there was no prevailing party in the case. For the same reason, the court denied an award of attorney's fees to appellant. From these rulings, appellant has taken this appeal.

**Costs**

Appellant contends the court erred in reducing his costs on the ground that he was not the prevailing party on all counts of his complaint. He claims that pursuant to section 57.041, Florida Statutes (2021), he was

entitled to all of his costs, because he obtained a judgment against appellees. *See Sherman v. Sherman,* 279 So. 3d 188 (Fla. 4th DCA 2019).

Appellees, however, argue that the award of costs in this matter is controlled by 28 U.S.C. § 1920, because appellant prevailed on a federal FLSA claim. Further, they argue that appellant's cost claim when controlled by 28 U.S.C. § 1920 allows the trial court discretion in deciding taxable costs, which the trial court did not abuse. While appellees did not raise the application of the FLSA and 28 U.S.C. § 1920 at trial, we consider it under the tipsy coachman doctrine. *See Dade Cnty. Sch. Bd. v. Radio Station WQBA,* 731 So. 2d 638, 644 (Fla. 1999) ("[I]f a trial court reaches the right result, but for the wrong reasons, it will be upheld if there is any basis which would support the judgment in the record.").

The FLSA provides a specific remedy within its terms, which includes costs. "The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C.A. § 216(b). Further, "the circumstances under which a party is entitled to costs and attorney's fees is substantive." *Timmons v. Combs,* 608 So. 2d 1, 2–3 (Fla. 1992). Therefore, in determining the issue of costs allowable under the FLSA, we look to federal law, as the taxation of costs provision of 28 U.S.C. § 1920 should have been applied to determine the costs for which appellant was entitled to recover. *See Glenn v. Gen. Motors Corp.,* 841 F.2d 1567, 1575 (11th Cir. 1988) ("[N]othing in the legislative history associated with section 216(b)'s passage suggests that Congress intended the term 'costs of the action' to differ from those costs as now enumerated in 28 U.S.C.A. § 1920.").

As appellees note, many of appellant's asserted costs are not recoverable costs under the federal statute. In fact, the costs recoverable under the statute may be less than what was actually awarded by the court. Therefore, by applying the correct cost statutes, there is no showing of an abuse of discretion by the trial court in the ultimate award of costs to appellant.

### Liquidated Damages

The FLSA provides: "Any employer who violates the provisions of [the FLSA] . . . shall be liable to the . . . employees affected in the amount of their . . . unpaid overtime compensation . . . and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). "The Portal to Portal Act, 29 U.S.C. §§ 251–62, which amended FLSA, provides a safe harbor for an employer who can establish that it acted in good faith and under

3

the reasonable belief that it was in compliance with the FLSA." *Rodriguez v. Farm Stores Grocery, Inc.*, 518 F.3d 1259, 1272 (11th Cir. 2008) (citing 29 U.S.C. § 260). According to section 260, an employer is entitled to safe harbor from liquidated damages under the FLSA:

> [I]f the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation . . . the court may, in its sound discretion, award no liquidated damages . . . .

29 U.S.C. § 260.

The burden of proving entitlement to the safe harbor rests with the employer who violates the FLSA's overtime provision. *Joiner*, 814 F.2d at 1539; *see also Ransom v. M. Patel Enters., Inc.*, 734 F.3d 377, 387 n.16 (5th Cir. 2013) ("It is the employer's substantial burden to prove good faith and reasonableness."). "To satisfy the good faith requirement, an employer must show that it acted with both objective and subjective good faith." *Rodriguez*, 518 F.3d at 1272; *Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.*, 515 F.3d 1150, 1163 (11th Cir. 2008) (same). "To satisfy the subjective 'good faith' component, the employer has the burden of proving that it had an honest intention to ascertain what the Act requires and to act in accordance with it." *Davila v. Menendez*, 717 F.3d 1179, 1186 (11th Cir. 2013) (quoting *Dybach v. State of Fla. Dep't of Corrs.*, 942 F.2d 1562, 1566 (11th Cir. 1991)).

If the employer demonstrated an honest intention, sufficient to meet the subjective component of good faith, then the employer "still must shoulder the 'additional requirement' of showing that the employer had reasonable grounds for believing that its conduct comported with the Act." *Dybach*, 942 F.2d at 1567. If the employer "shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the [FLSA]," then the court has discretion to reduce or deny an award of liquidated damages. *Alvarez Perez*, 515 F.3d at 1163.

In this case, the trial court found that defendants "acted in good faith predicated upon reasonable grounds." However, even if appellees acted subjectively in good faith, the evidence does not show an objective reasonable basis for that belief. Appellee's principal Marano testified at trial that all of his employees were salaried employees. Marano was asked what he did to ensure compliance with the FLSA, and he responded that

his ex-business partner spoke with a Jupiter attorney in 2015. However, Marano did not testify that the Jupiter attorney had expertise in the field of the FLSA, although the attorney was an employment attorney.

Marano also did not give specifics about how appellee Mantis was advised to comply with the FLSA. Marano did not specifically testify that the Jupiter attorney addressed exempt status for various employee positions under the FLSA, including the position which appellant was offered four years after the Jupiter attorney was consulted, when appellant was hired in 2019. Nor did Marano testify that the attorney drafted the employment offer letter received by appellant specifically for appellant. When appellant's attorney sought to question Marano about what advice the attorney gave regarding the FLSA compliance, appellee objected as violating the attorney/client privilege, which objection the trial court sustained. *Compare Jackson v. R & A Towing, LLC*, No. 4:21-CV-0618, 2023 WL 2433977, at *8 (S.D. Tx. March 9, 2023) (liquidated damages awarded where employer gave details of counsel's advice regarding how to pay all tow truck drivers but the evidence showed that the employer did not comply with the advice), *with Gelber v. Akal Security, Inc.*, 14 F.4th 1279, 1288 (11th Cir. 2021) (finding no error in district court's conclusion that employer acted in good faith on the advice of counsel when "[employer's] outside counsel testified that a company executive sought his advice regarding the meal-breaks policy and that he advised [the employer] that the policy comported with the FLSA").

Marano volunteered that in-house counsel had recommended Mantis to "pay hourly to save money." But when asked if in-house counsel had told him that legally he should have been paying the employees on an hourly basis, Marano's counsel objected as "asked and answered," and the objection was sustained.

Because of appellee's objections, which the trial court sustained, no evidence was presented as to what specific advice appellee had received regarding compliance with the FLSA. The testimony only revealed that appellees consulted an attorney regarding setting up an employment system. Nor were any documents introduced to show that appellee had contacted anyone, including the Department of Labor to ask about the FLSA compliance. *See Rodriguez*, 518 F.3d at 1273 ("[T]he absence of documentary evidence or testimony that [the employer] consulted the DOL or an FLSA expert before or during the period of the violation weighed against a finding of objective good faith. That is self evident from the fact that documentary evidence or consultation with the DOL or an outside expert would have weighed in [the employer's] favor."). Therefore, no evidence was offered by appellees from which the court could determine

5

that they "had an honest intention to ascertain what the Act requires and to act in accordance with it . . . ." *Davila,* 717 F.3d at 1186. Had Marano been allowed to testify as to advice by counsel that his employment agreements met the FLSA requirements, the trial court would have had grounds to find that appellees had exercised good faith. Because no such grounds existed, we must reverse for the trial court to assess liquidated damages.

After the court denied the assessment of liquidated damages, appellant requested, and the trial court assessed, pre-judgment interest on the amount of overtime which the jury found was owed. "Plaintiffs may not recover both liquidated damages and prejudgment interest under the FLSA." *Joiner,* 814 F.2d 1537, 1539 (citing *Brooklyn Savings Bank v. O'Neil,* 324 U.S. 697, 715 (1945)). However, while appellant cannot recover both prejudgment interest and liquidated damages, where the appellate court finds that liquidated damages must be awarded, then the prejudgment interest awarded for the same period of time "must be credited against the new award." *Id.*

## Attorney's Fees

29 U.S.C. § 216(b) provides for the award of attorney's fees in a FLSA action as follows:

> The court in such action *shall,* in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.

*Id.* (emphasis supplied). Where a party prevails under the FLSA, federal law governs the disposition of an appeal of an award of attorney's fees. *Patricia Gail Van Diepen, P.A. v. Brown,* 976 So. 2d 38, 39 (Fla. 5th DCA 2008).

The trial court denied attorney's fees, reasoning that appellant was not a prevailing party, as appellees had prevailed on two of the state law actions at trial. Reliance on the prevailing party standard in the assessment of attorney's fees was error. FLSA mandates that a plaintiff who recovers a judgment in his/her favor *shall* be allowed a "reasonable attorney fee." *See* 29 U.S.C. § 216(b). We therefore reverse the denial of fees and remand for further proceedings to determine a "reasonable fee" under all the circumstances of this case.

6

## Conclusion

For the foregoing reasons, we affirm the award of costs under the tipsy coachman doctrine, as we conclude that the costs should have been awarded under 28 U.S.C. § 1920. The amount of the award was not an abuse of discretion under that statute. We reverse the denial of liquidated damages but on remand any amount should be offset by prejudgment interest awarded. Finally, we reverse the denial of attorney's fees and remand for a hearing to determine a reasonable fee in this proceeding.

*Affirmed in part; reversed in part and remanded with directions.*

GROSS and DAMOORGIAN, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***