Sherry **TOMASON** et al., and others similarly situated, Plaintiffs,

v.

**R.T. STANLEY**, Jr., et al., Defendants.

No. 6:13–CV–42.

United States District Court, S.D. Georgia, Statesboro Division.

Jan. 30, 2014.

J. Larry Stine, Kathleen J. Jennings, Wimberly, Lawson, Steckel, Schneider Stine, PC, Atlanta, GA, for Defendants.

### ORDER

B. AVANT EDENFIELD, District Judge.

## I. INTRODUCTION

Before the Court is Sherry Tomason's Motion to Strike Affirmative Defenses. ECF No. 27. Tomason argues nine of Defendants' twenty affirmative defenses fail for factual and legal insufficiencies. *Id.* Defendants contend that affirmative defenses need only provide adequate notice to Plaintiffs of the assertions that Defendants intend to litigate and thus that Defendants here adequately pled their defenses. ECF No. 32 at 4. Although Defendants articulate the proper legal standard, some of their defenses still fail. The Court therefore *GRANTS IN PART* and *DENIES IN PART* Tomason's Motion to Strike.

## II. PROCEDURAL BACKGROUND[1]

Sherry Tomason filed this action in April, 2013, asserting claims related to Stanley Farms's alleged underpayment of farm workers. ECF No. 1. Defendants timely answered, ECF No. 13, and filed a partial motion to dismiss one count of the complaint. ECF No. 15. On November 21, 2013, Plaintiffs filed an amended complaint, ECF No. 48, which Defendants again timely answered. ECF No. 52.

In their answer to the amended complaint,[2] Defendants pled twenty defenses, including the following nine Plaintiffs now seek stricken: (1) failure to state a claim; (2) expiration of the applicable statute of limitations or laches; (3) failure to comply with conditions precedent to recovery; (4) lack of standing; (5) waiver and estoppel; (6) failure to state a claim for injunctive relief; (7) lack of entitlement to liquidated damages; (8) unclean hands; and (9) that "some of the Plaintiffs

Dawson Morton, Leah Lotto, Lisa J. Krisher, Georgia Legal Services, Atlanta, GA, for Plaintiffs.

---

1. For the substantive facts underlying Plaintiffs' claims, *see* ECF No. 47 at 1–2.

2. Although Plaintiffs filed the present motion five months before Defendants' answer to the amended complaint, none of Defendants' affirmative defenses changed from their initial answer to the current one. *Compare* ECF No. 13, *with* ECF No. 52.

were not employed by Defendants ... and therefore, such claims are totally lacking in basis in law and fact and are in violation of Fed.R.Civ.P. 11." ECF No. 27 at 4–8.

## III. ANALYSIS

This section, in deciding whether to strike those nine defenses, proceeds first with a discussion of the pleading standard for affirmative defenses. It then asks whether Defendants properly pled each of the nine challenged defenses.

### A. Standard of Review

■ Federal Rule of Civil Procedure 12(f) provides that courts "may strike from a pleading an insufficient defense." Although reflective of "the inherent power of the Court to prune down pleadings," *TracFone Wireless, Inc. v. Zip Wireless Prods., Inc.,* 716 F.Supp.2d 1275, 1290 (N.D.Ga.2010), motions to strike are drastic, generally disfavored remedies. *EEOC v. Joe Ryan Enters., Inc.,* 281 F.R.D. 660, 662 (M.D.Ala.2012). The inquiry, then, focuses on whether a defense is insufficiently pled such that the proper remedy is to strike it from an answer.

The Supreme Court's decisions in *Bell Atlantic Corp. v. Twombly* and *Ashcroft v. Iqbal*[3] have made such analysis murkier. Those cases demanded a higher level of factual particularity from a plaintiffs complaint. *Twombly,* 550 U.S. at 555, 127 S.Ct. 1955. This Court must therefore answer two questions: first, must a defendant plead an affirmative defense with the particularity that *Twombly* and *Iqbal* require? And second, if the *Twombly/Iqbal* standard does not apply, what standard does?

A majority of courts—district, not appellate, for no circuit has directly addressed the issue—have answered the first question affirmatively and have applied *Twombly*'s requirements to affirmative defense pleading. *See, e.g., Barnes v. AT & T Pension Benefit Plan,* 718 F.Supp.2d 1167, 1172 (N.D.Cal. 2010) (applying *Twombly* standard to defense of failure to state a claim); *Racick v. Dominion Law Assocs.,* 270 F.R.D. 228, 233–34

(E.D.N.C.2010) (same). The minority, including this Court in other cases, disagree, and refuse to subject defenses to the heightened pleading standard *Twombly* calls for. *See Sec. Life of Denver Ins. Co. v. Shah,* No. 4:11–cv–008, 2011 WL 3300320, at *1 (S.D.Ga. Aug. 1, 2011).

The starting point for deciding whether the *Twombly* standard applies to defenses is the text of Rule 8. Rule 8(a)(2)—the textual basis for *Twombly*—requires that a "pleading that states a claim for relief ... contain ... a short and plain statement of the claim showing that the pleader is entitled to relief." By contrast, Rule 8(b) requires responsive pleadings, like answers, to "state in short and plain terms [a party's] defenses to each claim." Rule 8(c) then requires parties to "affirmatively state any avoidance or affirmative defense." So claims for relief must be *shown* by a short and plain statement; defenses must be *stated* in short and plain terms; and affirmative defenses must be affirmatively *stated.* Three linguistically different requirements exist for three different assertions parties make in their pleadings.

■ Reliance on the plain language of the different rules is well-founded in this context—after all, the Supreme Court relied on the plain text of Rule 8(a) in the *Twombly* opinion itself. *See* 550 U.S. at 556–57, 127 S.Ct. 1955 (parsing the Rule's text). That language counsels against importing the *Twombly* standard when analyzing affirmative defenses. One canon of interpretation—*expressio unius est exclusio alterius*—suggests Rule 8's language connotes different pleading standards. *See Joe Ryan Enterprises,* 281 F.R.D. at 663. The Rules must be read as a whole, and the text of one provision affects analysis of its neighbor. *See Agility Def. & Gov. Servs. v. U.S. Dep't of Def.,* 739 F.3d 586, 589–90 (11th Cir.2013) (emphasizing that text must be read as a whole and construed to give each provision meaning). Applying two legal standards in the context of two differing texts gives meaning to their differences.

---

**3.** *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); *Ashcroft v.* *Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

The courts that have transferred *Twombly*'s heightened standard have often done so partially for policy reasons. *See, e.g., Racick,* 270 F.R.D. at 234 (considering factors of "fairness, common sense and litigation efficiency" in deciding proper standard). To the extent the language of the Rules is discernable or definite, the text alone governs any decision. "The judiciary is commissioned to interpret the Rules as they are written, not to re-draft them when it may be convenient." *Joe Ryan Enterprises,* 281 F.R.D. at 663.

Yet even if prudential factors were considered, they would counsel the adoption of two different standards for Rules 8(a)(2) and 8(c). Other courts have found it unfair that a plaintiff and a defendant would stand on unequal footing in their initial pleadings. *See Racick,* 270 F.R.D. at 234. But a plaintiff may have years to develop and research her claims before filing a complaint, while a defendant often has only twenty-one days to respond. Fed.R.Civ.P. 12(a)(1). Holding that defendant to a lower standard of factual specificity is both fair and sensible. More fundamentally, plaintiffs bear the initial burdens of production and proof and must advance their cases through the judicial system. Their higher standard of pleading specificity mirrors their higher initial burden in the litigation at large.

This Court therefore declines to import *Twombly*'s heightened pleading standard into the Rule 8(c) arena.

Although this Court adopts a lenient view on the factual specificity required for a Rule 8(c) pleading, some standard must still govern Rule 12(f)'s application. That standard is malleable and situational—commentators have noted that it is "impossible to reduce the variegated judicial practice under Rule 12(f) to a simple or easily applied formula." *Motion to Strike—Insufficient Defense,* 5C Fed. Prac. & Proc. Civ. § 1381 (3d ed.). An affirmative defense should survive if it comports with Rule 8(c)'s purpose—"guarantee[ing] that the opposing party has notice of any additional issue that may be raised at trial ..." *Hassan v. U.S. Postal Serv.,* 842 F.2d 260, 263 (11th Cir.1988); *see also, e.g., Ramnarine v. CP RE Holdco 2009–1, LLC,* No. 12–61716–CIV, 2013 WL 1788503, at *5 (S.D.Fla. Apr. 26, 2013). Affirmative defenses perish when they do not provide such basic notice. And the Court may exercise some leeway in deciding what constitutes proper notice and in ensuring that pleadings are "construed so as to do justice." Fed.R.Civ.P. 8(e).

Many courts have also held that even a well-pleaded defense should be struck if it cannot apply to the case at issue. For example, courts have struck defenses that would not constitute a valid defense under facts alleged, defenses previously eliminated in other litigation or on a prior motion, or defenses that have already been withdrawn. *See, e.g., Butler v. Adoption Media, LLC,* No. C 04–0135, 2005 WL 1513142, at *5 (N.D.Cal. June 21, 2005). In cases where settled law clearly forecloses an affirmative defense, courts will strike that defense. *Fabrica Italiana Lavorazione Materie Organiche, S.A.S. v. Kaiser Aluminum & Chem. Corp.,* 684 F.2d 776, 779 (11th Cir.1982). But courts are reticent to strike a marginal defense as legally insufficient without allowing defendants some benefit of discovery to develop that defense. *See, e.g., Alyshah v. Hunter,* No. 1:06–CV–0931, 2006 WL 2644910, at *3 (N.D.Ga. Sept. 13, 2006). With these guiding principles in mind, the Court turns to the nine affirmative defenses that Plaintiff wishes to strike.

### B. To Strike, Or Not to Strike

*1. First Defense: Failure to State a Claim upon which Relief can be Granted*

Defendants' first affirmative defense is that Plaintiffs "fail to state a claim upon which relief can be granted." ECF No. 13 at 18. Plaintiffs argue both that such an assertion must be made by motion pursuant to Rule 12(b)(6), and that the defense is merely a "bare-bone, conclusory recitation" of the applicable standard in a motion to dismiss. ECF No. 27 at 4. Defendants point out that they *did* file a Motion to Dismiss, and they argue that some Plaintiffs did not actually work for Stanley Farms and therefore lack a viable claim. ECF No. 32 at 5.

First, the Court rejects Plaintiffs' argument that the defense is not pleaded with enough particularity to survive under Rule 12(f). The cases upon which they rely generally read the *Twombly* standard into Rule 8(c). ECF No. 27 at 4 (citing, e.g., *Racick*, 270 F.R.D. at 233–34). Because the Court has declined to do the same, those cases are unpersuasive.

The Court further rejects Plaintiffs' assertion that a Motion to Dismiss under Rule 12(b)(6) may *only* be made by motion. The Rule's plain text requires only that if a defendant chooses to file a motion, he must do so before submitting a responsive pleading. Fed.R.Civ.P. 12(b).

■ But the First Defense is not an affirmative defense because failure to state a claim "is a defect in the plaintiff's claim; it is not an additional set of facts that bars recovery notwithstanding the plaintiffs valid prima facie case." *Boldstar Technical, LLC v. Home Depot, Inc.*, 517 F.Supp.2d 1283, 1292 (S.D.Fla.2007). "A defense which points out a defect in the plaintiff's prima facie case is not an affirmative defense." *In re Rawson Food Service, Inc.*, 846 F.2d 1343, 1349 (11th Cir.1988). Other courts have similarly held that this broad principle applies specifically to pleadings that treat failure to state a claim as an affirmative defense. *See, e.g., F.T.C. v. Johnson*, No. 2:10–cv–002203, 2013 WL 4039069, at *3 (D.Nev. Aug. 5, 2013); *Biscayne Cove Condo. Ass'n, Inc. v. QBE Ins. Corp.*, No. 10–23728–CIV, 2013 WL 2646799, at *11 (S.D.Fla. June 12, 2013) (noting that defense was not true affirmative defense and deeming it a denial); *Barnes v. AT & T Pension Ben. Plan–Nonbargained Program*, 718 F.Supp.2d 1167, 1174 (N.D.Cal.2010).

However, the Court notes that Defendants were entitled to assert the substance of this defense in their Answer. Fed.R.Civ.P. 12(b)(6). Other courts in similar situations have acknowledged that while failure to state a claim is not an affirmative defense, it may serve as a specific denial. *See Biscayne Cove*, 2013 WL 2646799, at *11. Therefore, the Court *DENIES* the Motion to Strike the First Defense but views that defense as a denial.

### 2. Third Defense: Limitations or Laches

■ Defendants' third affirmative defense is that the applicable statute of limitations or the doctrine of laches bars some of Plaintiffs' claims. ECF No. 13 at 18. Plaintiffs argue that this assertion is conclusory and fails to provide the specific factual basis upon which that defense will be made. ECF No. 27 at 4–5. Defendants counter both that future opt-in plaintiffs under the Fair Labor Standards Act ("FLSA") may have claims outside the statute of limitations, and that some current Plaintiffs' involvement in these events may have been sufficiently long ago that their claims are time-barred. ECF No. 32 at 5–6.

The Court finds Defendants' first argument unpersuasively speculative. But it is persuaded that some current Plaintiffs might have time-barred claims that will be further illuminated during discovery. Plaintiffs cite *Reis Robotics USA, Inc. v. Concept Indus., Inc.*, which held that laches must be pleaded with factual specificity. 462 F.Supp.2d 897 (N.D.Ill.2006); ECF No. 27 at 5. But this Court agrees with the court in *Cynergy Ergonomics, Inc. v. Ergonomic Partners, Inc.*, which after specifically examining *Reis Robotics*, declared that "[a]lthough stated in a conclusory manner, the Answer puts Plaintiff on notice that Defendants will pursue this defense . . . . a heightened pleading requirement for a laches defense is incongruous with the concept of notice pleading." No. 4:08–CV–243, 2008 WL 2817106, at *4 (E.D.Mo. July 21, 2008). The Court therefore *DENIES* the Motion to Strike the Third Defense.

### 3. Fourth Defense: Conditions Precedent Unfulfilled

■ Defendants next assert that "[s]ome or all of the claims of the Plaintiffs are barred to the extent they have failed to comply with all conditions precedent to the recovery of such claims." ECF No. 13 at 18. Plaintiffs have argued that Rule 9(c) requires a defendant to plead the failure of a condition precedent with particularity. ECF No. 27 at 5. Defendants do not address Plaintiffs' Rule 9(c) argument. ECF No. 32 at 6–7.

Rule 9(c) states that "when denying that a condition precedent has occurred or been performed, a party must do so with particularity." The Eleventh Circuit has made clear that standard applies to defendants: "[s]hould a defendant make that denial, [t]he plaintiff then bears the burden of proving that the conditions precedent, which the defendant has specifically joined in issue, have been satisfied." *Myers v. Cent. Fla. Invs., Inc.*, 592 F.3d 1201, 1224 (11th Cir.2010) (internal quotation marks omitted). Because Defendants have failed to plead the Fourth Defense with Rule 9(c)'s required particularity, the Motion to Strike that defense is *GRANTED.*

#### 4. Fifth Defense: Lack of Standing

■■■ Defendants' Fifth Defense is that some of the Plaintiffs lack standing to bring their claims. ECF No. 13 at 19. Plaintiffs once again allege that this is nothing more than a conclusory allegation and that it must be stricken. ECF No. 27 at 5–6. Defendants counter that they believe that Stanley Farms never employed several named Plaintiffs. ECF No. 32 at 7.

Defendants might ideally have given Plaintiffs more notice as to which class members potentially lacked standing to bring the suit. But the rules governing "[p]leadings must be construed so as to do justice." Fed.R.Civ.P. 8(e). The Fifth Defense "puts Plaintiff[s] on notice that Defendants will pursue this defense," *Cynergy Ergonomics,* 2008 WL 2817106 at *4, and that they will attempt to disqualify improperly-included Plaintiffs. They have identified a particular justiciability doctrine with well-known elements which Plaintiffs may investigate. Therefore, the Motion to Strike the Fifth Defense is *DENIED.*

#### 5. Seventh Defense: Waiver and Estoppel

■■■ In the Seventh Defense, Defendants assert that Plaintiffs have waived or should be estopped from asserting some of the claims in their complaint. ECF No. 13 at 19. Plaintiffs again argue that this is a conclusory statement, ECF No. 27 at 6–7, while Defendants explain that they believe a prior

FLSA settlement with the government precludes some Plaintiffs' recovery. ECF No. 32 at 7–9.

29 U.S.C. § 216(c) provides that the Secretary of Labor may investigate FLSA violations and seek damages on behalf of the aggrieved. If an employee accepts payment that the Secretary secured, that acceptance "constitute[s] a waiver by such employee of any right he may have under" other FLSA damages provisions. *Id.* Defendants allege that they have identified some Plaintiffs who may have accepted such payments from Stanley Farms and presumably might locate others during discovery. ECF No. 32 at 8.

Plaintiffs cite multiple authorities˙proposing that estoppel and waiver are not valid defenses here. Those authorities do not completely foreclose the Seventh Defense. For example, district courts have found that estoppel and waiver do not prevent a claim under the Agricultural Workers Protection Act ("AWPA"). *See Soto v. McLean,* 20 F.Supp.2d 901, 912 (E.D.N.C.1998). But that case addressed only the defense's application to AWPA claims, and not FLSA claims. Likewise, Plaintiffs show that they could not have *contractually* waived their FLSA rights. *See, e.g., Morrison v. Exec. Aircraft Refinishing, Inc.,* 434 F.Supp.2d 1314, 1319–20 (S.D.Fla.2005). But Plaintiffs have made an FLSA claim, and 29 U.S.C. § 216(c) unambiguously provides a waiver provision that *would* apply to their cause of action given certain facts. The Seventh Defense is sufficient to give notice that Defendants might make that argument, and the Motion to Strike that defense is *DENIED.*

#### 6. Ninth Defense: Failure to State a Claim upon which Injunctive Relief may be Granted

■■■ Defendants' Ninth Defense is that Plaintiffs have failed to state a claim for injunctive relief. ECF No. 13 at 19. Defendants again argue that this language puts Plaintiffs on notice that their claim is deficient, while Plaintiffs argue that such an objection must be made by motion. ECF Nos. 32 at 9; 27 at 7.

The Court has addressed these same arguments above in considering the general failure to state a claim upon which relief may be granted. The Ninth Defense similarly asserts not an additional fact precluding relief, but rather an insufficiency in Plaintiffs' *prima facie* case. Accordingly, the Motion to Strike the Ninth Defense is **DENIED**, but the defense is treated as a denial.

### 7. Fourteenth Defense: Plaintiffs not Entitled to Liquidated Damages

 Defendant's Fourteenth Defense is that "Plaintiffs are not entitled to liquidated damages." ECF No. 13 at 20. Plaintiffs argue that this phrasing gives them no notice as to the theories or facts that Defendants might argue at trial. ECF No. 27 at 7. Defendants argue that Plaintiffs should have inferred that this defense pertained to 29 U.S.C. § 216(b)'s liquidated damages provision. ECF No. 32 at 10.

It is true, as Defendants assert, that precedent requires an FLSA defendant to show that his underpayment was made in good faith to avoid paying liquidated damages. *Joiner v. City of Macon*, 814 F.2d 1537, 1539 (11th Cir.1987). And Plaintiffs stretch credulity when they ignore this well-established precedent in their Motion to Strike. ECF No. 27 at 7 (claiming liquidated damages generally required while ignoring any reason they would not be paid). But here, Plaintiffs' more fundamental argument is well-taken.

While proof of good faith is one way of avoiding liquidated damages under § 216(b), it is unclear that it would be the only way. Defendants might be asserting that the FLSA did not apply, that any number of other doctrines prevented any recovery at all, that Plaintiffs could show no damages, or that Defendants underpaid in good faith. Unlike the waiver defense discussed above, which relied on § 216(c)'s text but lent itself to a clear conclusion, the Fourteenth Defense does not provide Plaintiffs enough notice to prepare a rebuttal. Accordingly, the Motion to Strike the Fourteenth Defense is **GRANTED**.

### 8. Sixteenth Defense: Unclean Hands

 Defendants' next defense is that Plaintiffs have unclean hands and may not seek equitable relief. ECF No. 13 at 20. Plaintiffs argue that Defendants have not pleaded specific wrongdoings to support their general assertion of unclean hands; they further argue that the unclean hands doctrine cannot apply in FLSA or AWPA actions. ECF No. 27 at 8. Defendants argue that precedent supports the unclean hands defense in certain circumstances, ECF No. 32 at 10–11, and that Plaintiffs may have falsified records relevant to their claims. *Id.*

The Court believes that the Defendants have sufficiently put Plaintiffs on notice that they intend to plead this defense. Before discovery, Defendants might well not have a complete listing of every Plaintiffs inequitable conduct. The Sixteenth Defense tells Plaintiffs that Defendants intend to assert the conduct of some litigants as an equitable bar.

As to the defense's legal applicability, courts have split on whether the affirmative defense of unclean hands may proceed past the pleading stage in an FLSA claim. *Compare Lee v. Askin Trucking, Inc.*, No. 05–14335–CIV, 2006 U.S. Dist. LEXIS 97552, at *6–8 (S.D.Fla. Feb. 7, 2006) (striking affirmative defense), *with McGlothan v. Walmart Stores, Inc.*, No. 6:06–CV–94, 2006 WL 1679592, at *3 (M.D.Fla. June 14, 2006) (allowing affirmative defense to proceed).

Courts that have struck the unclean hands affirmative defense have relied on FLSA's broad public purpose and parties' inability to contractually surrender FLSA protections. *See, e.g., Lee*, 2006 U.S. Dist. LEXIS 97552, at *7. And the courts which have not struck the defense have noted that a bar to one individual's recovery might exist without undermining FLSA's purpose: correcting the bargaining imbalance between employer and employee.[4] *See McGlothan*, 2006 WL 1679592, at *3. This Court agrees with the court in *McGlothan* that the issue is at least

---

4. For explanation of FLSA's purpose, *see Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706–07, 65 S.Ct. 895, 89 L.Ed. 1296 (1945) (describing purpose and refusing to accept negotiated settlement between workers and employer).

a debatable one, and that a Rule 12(f) motion is not the proper vehicle for resolving it. It is possible that FLSA's broad nature precludes an unclean hands defense, but it is not so certain as to render the defense "immaterial, impertinent, or scandalous." Fed. R.Civ.P. 12(f).

Accordingly, the Motion to Strike the Sixteenth Defense is *DENIED.*

### 9. *Twentieth Defense: Violation of Rule 11*

Defendants' final defense is that Plaintiffs are in violation of Federal Rule of Civil Procedure 11 for advancing claims with no factual merit. ECF No. 13 at 21. Plaintiffs argue that a Rule 11 violation may not be claimed as an affirmative defense. ECF No. 27 at 8–9. Defendants argue both that Plaintiffs have failed to research their claims and that they are doing Plaintiffs a favor by informally announcing their potential Rule 11 objections. ECF No. 32 at 11–12.

A motion for Rule 11 sanctions "must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b)." Fed.R.Civ.P. 11(c)(2). The Twentieth Defense sounds only in those sanctions and is asserted in Defendants' Answer. ECF No. 13 at 21. Further, Defendants' Opposition to Plaintiffs Motion to Strike Affirmative Defenses makes clear that the Twentieth Defense relies on the same facts as the First Defense and Fifth Defense, among others. *Compare* ECF No. 32 at 5, 7, *with id.* at 11. Even if true, it would announce no independent bar to suit not presented by those other defenses.

As to Defendants' assertion that they are doing Plaintiffs a favor, Defendants have many avenues for making vague threats to Plaintiffs' counsel. Procedurally improper pleadings to this Court are not among them. The Motion to Strike the Twentieth Defense is *GRANTED.*

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs' Motion and Brief to Strike Affirmative Defenses is *GRANTED* as to Defendants' Seventh, Fourteenth, and Twentieth Defenses and *DENIED* as to Defendants' First, Third, Fourth, Fifth, Ninth, and Sixteenth Defenses.

The First and Ninth Defenses are deemed denials. The Seventh and Fourteenth Defenses are stricken without prejudice. The Twentieth Defense is stricken with prejudice.