LUXOTTICA GROUP, S.P.A., an Italian corporation, and Oakley, Inc., a Washington corporation, Plaintiffs,

v.

AIRPORT MINI MALL, LLC, d/b/a Old National Discount Mall, a Georgia limited liability company, Yes Assets, LLC, a Georgia limited liability company, Chienjung Yeh a/k/a Jerome C. Yeh, and Donald C. Yeh, individually, Defendants,

CIVIL ACTION NO. 1:15-cv-01422-AT

United States District Court,
N.D. Georgia, Atlanta Division.

Signed May 16, 2016

---

47. Compl. ¶¶ 17, 20.

48. Id. ¶ 40.

49. 737 F.Supp.2d 281, 283–84 (E.D.Pa.2010).

50. Id. at 290.

David Rosemberg, Broad and Cassel, PL, Miami, FL, John David Farrish, Quintairos, Prieto, Wood & Boyer, P.A., Rachel

R. Krause, Lewis, Brisbois, Bisgaard & Smith, LLP, Atlanta, GA, for Plaintiffs.

Louis Emerson Bridges, Law Office of Louis E. Bridges LLC, Melissa Cordell Patton, Andrei Vlad Ionescu, Marvin Dewayne Dikeman, Webb Zschunke Neary & Dikeman, LLP, Atlanta, GA, Robert Usher Wright, Katz Stepp Wright & Fleming, LLC, Decatur, GA, for Defendants.

## ORDER

Amy Totenberg, United States District Judge

This action for contributory infringement under the Lanham Act is before the Court on Plaintiffs' Motion to Strike Affirmative Defenses [Doc. 77]. Plaintiffs, pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, seek to strike each of Defendants' sixteen defenses raised by Defendants in their Answer to Plaintiffs' March 4, 2016 Amended Complaint. For the reasons discussed below, the Motion [Doc. 77] is **GRANTED IN PART** and **DENIED IN PART**.

## I. LEGAL STANDARD

■ Rule 12(f) provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, [or] impertinent . . . matter." Fed. R. Civ. P. 12(f). Rule 8(b)'s general pleading standard applies to affirmative defenses, which requires a party to "state in short and plain terms its defenses to each claim asserted against it."[1] Fed. R. Civ. P. 8(b)(1)(A). Thus, the Court reviews affirmative defenses to ensure they provide fair notice of the nature of the defense and the grounds upon which it rests. *See Na-*

varro v. Santos Furniture Custom Design, Inc., 372 Fed.Appx. 24, 27 (11th Cir.2010); *See also Bergquist v. Fidelity Info. Servs., Inc.*, 197 Fed.Appx. 813, 815 (11th Cir. 2006) ("it is plain that the purpose of Rule 8(c) [is] simply to guarantee that the opposing party has notice of any additional issue that may be raised at trial").

■ An affirmative defense "raises matters extraneous to the plaintiff's *prima facie* case" that can defeat a claim. *In re Rawson Food Service, Inc.*, 846 F.2d 1343, 1349 (11th Cir.1988) (quotation omitted). "An affirmative defense is established only when a defendant admits the essential facts of a complaint and sets up other facts in justification or avoidance." *Will v. Richardson–Merrell, Inc.*, 647 F.Supp. 544, 547 (S.D.Ga.1986) (emphasis omitted). However, "[a] defense which points out a defect in the plaintiff's *prima facie* case is not an affirmative defense." *In re Rawson*, 846 F.2d at 1349.

■ Motions to strike affirmative defenses are generally disfavored. *E.g., Augustus v. Bd. of Public Instruction of Escambia Cty.*, 306 F.2d 862, 868 (5th Cir. 1962)[2]; *Pujals ex rel. El Rey De Los Habanos, Inc. v. Garcia*, 777 F.Supp.2d 1322, 1328 (S.D.Fla.2011); *NCI Grp., Inc. v. Cannon Servs., Inc.*, No. CIV.A. 1:09–CV–0441–BBM, 2009 WL 2411145, at *20 (N.D.Ga. Aug. 4, 2009) ("[I]t is well established that the action of striking a pleading should be sparingly used by the courts. It is a drastic remedy to be resorted to only when required for the purposes of justice.")). However, affirmative defenses which fail to satisfy Rule 8(b) should be stricken if they fail to include more than

---

1. In the absence of binding authority from the Eleventh Circuit, this Court has declined "to extend the pleading requirements of *Twombly* to affirmative defenses." *Catch Curve, Inc. v. Integrated Global Concepts, Inc. et al.*, 1:06–cv–2199–AT, Doc. 180 at 5, 2012 WL 12541116 (N.D.Ga. July 27, 2012).

2. In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit rendered prior to the close of business on September 30, 1981.

bare-bones conclusory allegations. *E.g.*, *Microsoft Corp. v. Jesse's Computers & Repair, Inc.*, 211 F.R.D. 681, 684 (M.D.Fla. 2002); *Shechter v. Comptroller of City of New York*, 79 F.3d 265, 270 (2nd Cir.1996) (Affirmative defenses must amount to more than mere conclusions of law). A court should also grant a motion to strike a defense as legally insufficient as a matter of law when "(1) on the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law." *Aidone v. Nationwide Auto Guard, LLC*, 295 F.R.D. 658, 660 (S.D.Fla.2013); *Jesse's Computers & Repair, Inc.*, 211 F.R.D. at 683.

 "[I]f an affirmative defense is stricken on technical grounds, the defendant is not precluded from arguing its substantive merit later in the case." *Jesse's Computers & Repair, Inc.*, 211 F.R.D. at 683 (internal quotations omitted). Where an affirmative defense is valid as a matter of law, the court may strike the technically deficient affirmative defense without prejudice, and grant the defendant leave to replead the stricken defense. *Id.* (citing *Saratoga Harness Racing, Inc. v. Veneglia*, No. 94–CV–1400, 1997 WL 135946, *6 (N.D.N.Y.1997)); *Racick v. Dominion Law Associates*, 270 F.R.D. 228, 232 (E.D.N.C. 2010). Guided by these standards, the Court addresses the sufficiency of Defendants' affirmative defenses.

## II. DISCUSSION

Plaintiffs assert that Defendants' Answer to the Amended Complaint pleads sixteen affirmative defenses that, on their face, are conclusory, boilerplate and insufficient as a matter of law.

### A. Denials, not defenses

#### 1. First Defense: failure to state a claim

Defendants' First Defense asserts "Plaintiffs' Amended Complaint fails to state a claim against Defendants upon which relief can be granted." (Doc. 63.) Plaintiff seek to strike this defense as improperly plead. In response, Defendants argue that "this defense reflects Defendants' contention that Plaintiffs cannot state a claim for contributory trademark infringement against the individual defendants they have named in this suit based upon the conclusory allegations made in the Complaint and Amended Complaint." (Resp. at 13.)

 "A defense which points out a defect in the plaintiff's prima facie case is not an affirmative defense." *In re Rawson Food Serv., Inc.*, 846 F.2d at 1349. The defense of failure to state a claim is simply a denial because "just pointing out a defect in plaintiff's prima facie case is not an affirmative defense." *Aidone*, 295 F.R.D. at 661–62 (quoting *Lima v. Heng Xian, Inc.*, No. 09–61422–CIV, 2009 WL 4906374, at *1 (S.D.Fla. Dec. 18, 2009)); *Tomason v. Stanley*, 297 F.R.D. 541, 546 (S.D.Ga.2014) ("[F]ailure to state a claim 'is a defect in the plaintiff's claim; it is not an additional set of facts that bars recovery notwithstanding the plaintiffs valid prima facie case.' ")

 The defense of failure to state a claim is, however, specifically identified under Fed. R. Civ. P. 12(b)(6) which may be raised in either the responsive pleading or by motion. Where the defense is merely raised in the responsive pleading it is typically ignored as a harmless nullity unless and until the defendant has, by motion, provided facts and/or legal authority to support the defense. *See Malibu Media, LLC v. Reeves*, No. 1:12–CV–00841–SEB, 2013 WL 5487424, at *1 (S.D.Ind. Sept. 27, 2013) (citing cases). Defendants' assertion of this defense at this stage of these proceedings is immaterial because the Court has already determined that Plaintiffs' Amended Complaint states a plausible

claim upon which relief can be granted in its Order permitting Plaintiffs leave to the file the Amended Complaint over Defendants' objection. (Order, Doc. 62 at 9-10.)

Accordingly, defense 1 is **STRUCK**.

### 2. Defenses 2, 3, 4, 6, 11, and 14

Plaintiffs argue that the following defenses should be struck because they are essentially denials of Defendants' *prima facie* case:

2: Any trademark infringement alleged in Plaintiffs' Amended Complaint occurred as a result of acts or omissions of independent third parties who were not under the control of Defendants.

3: Defendants were without knowledge that trademarked goods allegedly sold at the subject premises were counterfeit, as alleged by Plaintiffs.

4: Defendants have not willfully infringed, directly or indirectly, any trademark of Plaintiffs.

6: Plaintiffs cannot satisfy their burden of demonstrating that Plaintiffs suffered any injury in fact (i.e., no actual business harm), and Plaintiffs did not suffer any such injury as a result of the allegations set forth in Plaintiff's Amended Complaint.

11: Defendants acted in good faith at all times material to this litigation.

14: Defendants were without knowledge that the tenants identified by Plaintiffs in their Amended Complaint were selling allegedly counterfeit items.

(Answer, Doc. 76.) These defenses are essentially denials of the following allegations in Plaintiffs' Amended Complaint:

¶ 12: Each of the Defendants, acting in concert and participation with each other, have induced, caused and/or materially contributed to the promotion and sale of counterfeit Ray-Ban and Oakley products at the Discount Mall. With knowledge of these illegal activities, or with willful blindness, Defendants have financially benefitted from them. As such, Defendants are contributorily liable for the infringing activities described below.

¶ 51: By facilitating counterfeiting activities at the Discount Mall, Defendants have acted with reckless disregard for, and in bad faith and with willful blindness toward, Luxottica Group and Oakley's trademarks.

¶ 52: Defendants have, either intentionally and deliberately, or with reckless disregard and willful blindness, benefitted from the illegal counterfeiting activities described herein.

¶ 53: The Defendants' deliberate and or reckless and/or willfully blind misconduct has caused, and continues to cause, substantial and irreparable harm to Luxottica and Oakley's goodwill and reputation. In addition, the damages caused by Defendants, which continue to accrue, are especially severe because the counterfeit Ray-Ban and Oakley products sold at the Discount Mall are grossly inferior in quality to authentic Ray-Ban and Oakley products.

¶ 54: The harm being caused to Luxottica and Oakley is irreparable and they do not have an adequate remedy at law. Luxottica and Oakley therefore seek the entry of an injunction preventing the sale of counterfeit Ray-Ban and Oakley products at the Discount Mall. Luxottica and Oakley also seek statutory damages pursuant to Section 35 of the Lanham Act (15 U.S.C. § 1117) as a result of Defendants' knowing, deliberate and willful disregard of the activities infringing Luxottica and Oakley's trademarks.

¶ 56: The Defendants supplied the means for the Discount Mall's vendors to engage in the illegal activities de-

scribed herein, and, with knowledge of such activities, deliberately or recklessly willfully blinded themselves to this illegal conduct, deciding instead to profit from the revenues it produced.

(Am. Compl., Doc. 63.)

In response, Defendants contend that these defenses point out factual and legal deficiencies in the Plaintiffs' claim for contributory trademark infringement, are directly related to this case, and place Plaintiffs on notice regarding the defects in their claim. As explained above, "[a] defense which points out a defect in the plaintiff's *prima facie* case is not an affirmative defense." *In re Rawson*, 846 F.2d at 1349.

 In order to establish a contributory trademark infringement claim, the plaintiff must first show that a third party in fact directly engaged in infringement that injured the plaintiff. *See Duty Free Ams. Inc. v. Estee Lauder Cos.*, 797 F.3d 1248 (11th Cir.2015) (discussing contributory false advertising claim under section 43(a) of Lanham Act). Second, the plaintiff must establish that the defendant contributed to that conduct either by knowingly inducing or causing the conduct, or by materially participating in it. *Id.*; *Mini Maid Servs. Co. v. Maid Brigade Sys., Inc.*, 967 F.2d 1516, 1522 (11th Cir.1992) (holding that liability for trademark infringement can extend beyond those entities that actually perform the acts of infringement and a franchisor may be liable for contributory infringement only if it intentionally induced its franchisees to infringe another's trademark or if it knowingly participated in a scheme of trademark infringement carried out by its franchisees). "This means that the plaintiff must allege that the defendant had the necessary state of mind—in other words that it 'intended to participate in' or 'actually knew about'" the infringement. *Id.* (citing *Mini Maid Servs. Co.*,

967 F.2d at 1522). "The plaintiff must also allege that the defendant actively and materially furthered the unlawful conduct—either by inducing it, causing it, or in some other way working to bring it about." *Id.*; *Inwood Labs., Inc. v. Ives Labs., Inc.*, 456 U.S. 844, 853–54, 102 S.Ct. 2182, 72 L.Ed.2d 606 (1982) (holding that when a claim involves trademark infringement, a manufacturer or distributor can be contributorily liable if it "intentionally induces another to infringe a trademark" or "continues to supply its product to one whom it knows or has reason to know is engaging in trademark infringement.")

 As any liability for contributory infringement will necessarily depend upon whether or not the contributing party intended to participate in the infringement or actually knew about the infringing activities, the Defendants' alleged intent and knowledge are essential to the Plaintiffs establishing their *prima facie* case. *Mini Maid Servs. Co.*, 967 F.2d at 1522. Thus, because Defendants do not admit to these allegations and do not attempt to suggest some other reason why there is no right of recovery, defenses 2, 3, 4, 6, 11, and 14 are not properly plead as affirmative defenses. *See Will v. Richardson–Merrell, Inc.*, 647 F.Supp. 544, 547 (S.D.Ga.1986) ("An affirmative defense is established only when a defendant admits the essential facts of a complaint and sets up other facts in justification or avoidance.")

Accordingly, defenses 2, 3, 4, 6, 11, and 14 are **STRUCK** as affirmative defenses and are treated as specific denials.

### B. Defenses related to Plaintiffs' requested damages and remedies

In their Answer, Defendants offer several defenses which go to the damages and relief sought by Plaintiffs against the own-

er and operators of the Discount Mall, but not as to the direct infringers.

### 1. Fifth Defense: failure to mitigate damages

Defendants' Fifth Defense asserts:

Plaintiffs have failed to mitigate damages. Specifically, but not exclusively, Plaintiffs in their own Amended Complaint allege they have known since November 2014 that certain tenants in the Mall were selling allegedly counterfeit versions of Plaintiffs' products, but to date, to Defendant's knowledge, they have taken no civil or criminal action against such tenants or provided requested assistance to Defendants to dispossess the allegedly offending Mall tenants.

(Doc. 76.) Plaintiffs argue this defense is insufficient as a matter of law where they have elected to recover statutory damages under the Lanham Act instead of an award of actual damages. (*See* Doc. 16, Plaintiffs' Notice of Election of Statutory Damages.) *See Malibu Media, LLC v. Doe*, 2013 WL 4048513, at *2 (N.D.Ind. Aug. 9, 2013) ("Having elected statutory damages, Plaintiff has given up the right to seek actual damages ... thereby making a failure-to-mitigate defense inapplicable."); *Malibu Media, LLC v. Jason Sterling*, 8:13-cv-00472, CM/ECF 19 (M.D. Fla. July 17, 2013) (granting motion to strike stating "the defense of failure to mitigate damages is generally inappropriate when a party seeks only statutory, as opposed to actual, damages"); *Arista Records, Inc. v. Flea World, Inc.*, 356 F.Supp.2d 411, 422 (D.N.J.2005) (holding that failure to mitigate damages was not appropriate defense in contributory infringement action where plaintiffs were seeking only statutory damages).

▆▆▆▆ In response, Defendants assert notwithstanding Plaintiffs' election to pursue statutory damages, any award of dam-

ages will be determined "as the [C]ourt considers just." 15 U.S.C. § 1117(c). Recently, the district court in *Malibu Media, LLC v. Zumbo* declined to strike the defense of failure to mitigate damages in the absence of controlling authority. *Malibu Media, LLC v. Zumbo*, No. 2:13–CV–729–JES–DNF, 2014 WL 2742830, at *3 (M.D. Fla. June 17, 2014). The court explained that the district courts are split on the question and noted the reasoning of the courts that have allowed the defense: "because [courts] ha[ve] broad discretion in determining how to award statutory damages and may consider actual damages as a factor in making that determination, a failure to mitigate damages may remain relevant, particularly because one purpose of statutory damages is to approximate actual damages that are difficult to prove." *Id.* (quoting *Malibu Media, LLC v. Doe*, 2:13–CV–135–RLM–JEM, 2014 WL 1031336, at *2 (N.D.Ind. Mar. 17, 2014) (citing *Malibu Media, LLC v. Julien*, 1:12–CV–01730–TWP, 2013 WL 5274262, at *2 (S.D.Ind. Sept. 17, 2013)). Although the Eleventh Circuit has held in another context that "once a timely election is made to receive statutory damages [under § 504(c) of the Copyright Act] all questions regarding actual and other damages are rendered moot," *Jordan v. Time Inc.*, 111 F.3d 102, 104 (11th Cir.1997), the United States Supreme Court has held that courts have broad discretion to determine how to award statutory damages for trademark infringement and may consider a plaintiff's actual damages in making its determination. *See F.W. Woolworth Co. v. Contemporary Arts*, 344 U.S. 228, 231–32, 73 S.Ct. 222, 97 L.Ed. 276 (1952) (holding that the Copyright Act vests the court with "broad discretion to determine whether it is more just to allow a recovery based on calculation of actual damages and profits, as found from evidence, or one based on a necessarily somewhat arbitrary esti-

mate within the limits permitted by the Act ... Whether discretionary resort to estimation of statutory damages is just should be determined by taking into account both components and the difficulties in the way of proof of either").

Accordingly, the Court will not strike defense 5 as insufficient as a matter of law.

### 2. Defenses 8 and 12: unjust enrichment, waiver and estoppel

Defendants' Eighth Defense asserts that "Plaintiffs' claims are barred, in whole or in part, because Plaintiffs would be unjustly enriched if allowed to recover all or any part of the damages alleged in Plaintiffs' Amended Complaint." (Doc. 76.) Plaintiffs move to strike this defense because: (1) "Plaintiffs are unaware of any legal basis that supports the assertion that unjust enrichment is a defense to a claim of contributory trademark infringement," (2) Defendants failed to offer any factual or legal support for the defense, and (3) without any facts, it is impossible for Plaintiffs to determine the basis for Defendants' allegation that Plaintiffs would be unjustly enriched or how a claim of contributory trademark infringement would be barred. (Mot., Doc. 77 at 11.) Defendants' Twelfth Defense asserts that "Plaintiffs' claims should be reduced and/or barred due to the doctrine of waiver and estoppel." (Doc. 76.) Plaintiffs move to strike this "boilerplate" defense as "a combination of two poorly pled conclusory affirmative defenses pled in the alternative." (Mot., Doc. 77 at 11.)

In response, Defendants assert that, like mitigation of damages, these defenses are relevant and essential to the "justness" of any award of statutory damages. For the reasons provided above in relation to Defendants' Fifth Defense (mitigation), the Court finds that, if adequately supported, Defendants' "unjust enrichment" defense is proper under Rule 8(c)'s catch-all provision requiring a party to "affirmatively state any avoidance or affirmative defense." Fed. R. Civ. P. 8(c). And waiver and estoppel are specific enumerated affirmative defenses under Rule 8(c). However, defenses 8 and 12, as stated, are plead in an entirely conclusory manner and do not give Plaintiffs fair notice of the basis of the defenses. Cf. Malibu Media, LLC v. Zumbo, 2014 WL 2742830, at *4 (finding affirmative defense alleging that "[p]laintiff has purposefully avoided taking sufficient steps to protect their copyrighted material because it is more profitable to allow their subscribers to distribute content and seek judgments and/or settlements from the subscribers [and] IPP failed and continues to fail to take reasonable steps to ensure that the entity responsible for the freely available nature of their material on the internet ceases operation" was adequately plead and gives sufficient notice of the legal and factual grounds of the defense). It is clear that Defendants can provide further explanation of defenses 8 and 12 as set forth in their response brief and are therefore **GRANTED LEAVE TO REPLEAD** the defenses in a manner sufficient to place Plaintiffs on notice of the basis for the defenses.

### 3. Defenses 7 and 9

Defendants' Seventh Defense asserts that "Adequate equitable remedies are available to Plaintiffs for the allegations made in Plaintiffs' Amended Complaint," and Defendants' Ninth Defense asserts that "Plaintiffs are not entitled to an injunction as they have not adequately pled entitlement to the equitable relief sought in Plaintiffs' Amended Complaint." (Doc. 76). Plaintiffs move to strike these defenses as insufficient because (1) Defendants do not offer any factual basis in support of these perfunctory affirmative defenses, and (2) "[m]atters that only bear upon the availability of certain remedies are not defenses to a finding of infringe-

ment and do not constitute affirmative defenses under Rule 12." (Mot., Doc. 77 at 9-10 (citing *Djahed v. Boniface & Co., Inc.*, 2009 WL 453408 at *3 (M.D.Fla. Feb. 23, 2009) (an affirmative defense for adequate remedy at law will not survive a motion to strike if the defendant's pleadings are devoid of facts and merely contain boilerplate recitations of the law) and *J & J Sports Prods. v. Jimenez*, 2010 WL 5173717 (S.D.Cal. Dec. 15, 2010) (striking the affirmative defense of adequate remedy at law because "Defendants have not provided any facts related to [this defense] in the pleadings.")). Defendants provide no response in opposition to Plaintiffs' request that the Court strike defenses 7 and 9. Accordingly, because Defendants fail to include more than bare-bones conclusory allegations in satisfaction of the minimal pleading requirements of Rule 8(b), defenses 7 and 9 are **STRUCK**.

**4. Tenth Defense: statute of limitations**

 Defendants' Tenth Defense asserts that "To the extent any of the acts or omissions alleged by Plaintiffs occurred outside the applicable limitations period, Plaintiffs' recovery should be reduced and/or barred." (Doc. 76.) Plaintiffs move to strike this defense as a vague and conclusory allegation, and as legally deficient because the Lanham Act does not contain a statute of limitations. *See Kason Indus., Inc. v. Component Hardware Group, Inc.*, 120 F.3d 1199, 1203 (11th Cir.1997). In response, Defendants point the Court to *Coca-Cola Co. v. Howard Johnson Co.*, in which a district court addressed a similar request to strike a statute of limitations defense:

Since there is no federal statute of limitations for a trademark infringement action, the applicable statute of limitations is determined by looking to the law of the forum state. [ . . . ] Neither party has, however, pointed to a Georgia statute of limitations that should apply to this case. Since the parties have not addressed the issue, the Court will not make a ruling as to what statute applies. It is sufficient at this time simply to deny plaintiff's motion to strike the defense.

386 F.Supp. 330, 333 (N.D.Ga.1974). Defendants assert that Plaintiffs' motion to strike should likewise be denied here. The Court declines to follow the district court's rationale in *Coca-Cola Co. v. Howard Johnson Co.,* decided decades before the Eleventh Circuit's decision in *Kason Industries, Inc. v. Component Hardware Group, Inc.* applying Georgia's four year statute of limitations [3] for purposes of determining whether the equitable defense of laches should bar a claim for infringement under the Lanham Act. 120 F.3d at 1203–1205. As the Lanham Act does not contain a statute of limitations and the Eleventh Circuit applies the period for analogous state law claims "as the touchstone for laches," Defendants' statute of limitations defense is invalid as a matter of law and is therefore **STRUCK**. Defendants are **GRANTED LEAVE TO AMEND** their Answer to assert a laches defense sufficient to put Plaintiffs on notice of the factual basis for the defense.

**5. Defenses 13 and 15**

Defendants' Thirteenth and Fifteenth Defenses relate to Plaintiffs' alleged failure to pursue the direct infringers of their trademarks:

**3.** The Eleventh Circuit determined that (1) the most analogous state law to § 43(a) of the Lanham Act is the Georgia Uniform Deceptive Trade Practices Act, O.C.G.A. § 10–1–370 et seq. (UDTPA), which does not contain a statute of limitations and (2) the limitations peri-

od applicable to claims brought under the UDTPA is the four-year period applicable to injuries to personalty under O.C.G.A. § 9–3–31. *Kason Industries, Inc.*, 120 F.3d at 1203–1205.

13: Plaintiffs' claims are barred due to Plaintiffs' failure to join an indispensable party(ies), namely the alleged tenants of the subject property who allegedly sold counterfeit goods in violation of Plaintiffs' trademarks.

15: Plaintiffs have failed to pursue their statutory remedies against the alleged sellers of counterfeit items.

(Doc. 76.) Plaintiffs move to strike these defenses as insufficient on the basis that secondary infringers are joint tortfeasors and a plaintiff is not required to include all joint tortfeasors in a single lawsuit. Plaintiffs further contend that Affirmative Defense No. 13 does not provide any facts to support the assertion that the vendors would be indispensable parties to this action. In response, Defendants again assert that Plaintiffs' efforts, or lack thereof, to take action against the individual tenants of the Mall who are alleged to have infringed Plaintiffs' trademarks is relevant to the Court's determination of a "just" award of statutory damages.

 Like the defense of failure to state a claim, the defense of failure to join a party under Rule 19 is an enumerated defense under Fed. R. Civ. P. 12(b) that may be raised by motion or in a responsive pleading. Contrary to Plaintiffs' position in their motion to strike, the Court cannot determine the merits of the defense, which necessarily involves mixed questions of law and fact, based on the record and arguments presented thus far. The Court further finds that defense 15 is sufficiently tied up in the question of an appropriate award of damages under the totality of the circumstances. Accordingly, the Court finds that defenses 13 and 15 are both proper and adequately plead and therefore **DENIES** Plaintiffs' motion to strike these defenses.

### C. Sixteenth Defense: "reservation of rights" defense

 Defendants' Sixteenth Defense asserts:

> In response to the specific allegations contained in Plaintiffs' Amended Complaint, and without waiving the defenses raised herein, as well as those defenses that may be raised in the future, if necessary, Defendants state as follows:
> . . .

(Doc. 76.) Plaintiffs move to strike this "defense" as insufficient because it purports to reserve the right to add additional affirmative defenses, is not a cognizable, affirmative defense, and is invalid as a matter of law. Defendants offer no argument in response to Plaintiffs' request that the Court strike this defense. Accordingly, Plaintiffs' motion is **GRANTED** and defense 16 is **STRUCK**.

### III. CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Strike [Doc. 77] is **GRANTED IN PART** and **DENIED IN PART**. The Motion is **GRANTED** for affirmative defenses 1, 2, 3, 4, 6, 7, 8, 9, 10, 11, 12, 14, and 16. The Motion is **DENIED** for affirmative defenses 5, 13 and 15. Defendants have 20 days to **REPLEAD** affirmative defenses 8, 10, and 12 in a manner sufficient to place Plaintiffs on notice or to amend their Answer to plead any additional grounds for these defenses in light of this Order.

**IT IS SO ORDERED** this 16th day of May, 2016.