**LUXOTTICA GROUP S.P.A. and Oakley, Inc., Plaintiffs,**

v.

**CASH AMERICA EAST, INC., Defendant.**

Case No: 6:16-cv-728-Orl-31DAB

United States District Court, M.D. Florida.

Signed 08/02/2016

David B. Rosemberg, Broad and Cassel, Miami, FL, for Plaintiffs.

Mia Loraine McKown, Tara Renee Klimek Price, Holland & Knight, LLP, Tallahassee, FL, for Defendant.

DAVID A. BAKER, UNITED STATES MAGISTRATE JUDGE

This cause came on for consideration without oral argument on the following motion filed herein:

| MOTION: | MOTION TO STRIKE AFFIRMATIVE DEFENSES (Doc. No. 28) |
|---|---|
| FILED: | July 15, 2016 |

THEREON it is ORDERED that the motion is GRANTED in part and DENIED in part.

In Amended Compliant, Plaintiffs allege three counts of Trademark Infringement and Counterfeiting, in violation of the Lanham Act, 15 U.S.C. § 1114 (Doc. 19). Defendant filed an Amended Answer and pled fifteen affirmative defenses (Doc. 24). Plaintiffs now move to strike the affirmative defenses. Defendant has filed its response (Doc. 29) and the matter is ripe for review.

*Legal Standard*

██ "An affirmative defense is generally a defense that, if established, requires judgment for the defendant even if the plaintiff can prove his case by a preponderance of the evidence." *Wright v. Southland Corp.*, 187 F.3d 1287, 1303 (11th Cir. 1999). Pursuant to Federal Rule of Civil Procedure 12(f), courts may strike "insufficient defense[s]" from a pleading, either upon a motion or *sua sponte. Daley v. Scott*, No. 2:15–CV–269–FTM–29DNF, 2016 WL 3517697, at *1 (M.D.Fla. June 28, 2016). Motions to strike are generally disfavored by the Court and are often considered "time wasters." *Somerset Pharm., Inc., v. Kimball*, 168 F.R.D. 69, 71 (M.D.Fla.1996).

While pleading affirmative defenses, a defendant should "state in short and plain terms its defenses to each claim asserted against it," Fed. R. Civ. P. 8(b)(1)(A), and "affirmatively state any avoidance or affirmative defense." Fed. R. Civ. P. 8(c). While courts have differed as to whether the pleading standard for complaints articulated by the Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) applies to affirmative defenses, it is clear that the affirmative defenses "must give the plaintiff fair notice of issues that may be raised at trial." *Douqan v. Armitage Plumbing, LLC*, No. 6:11–cv–1409–Orl–22KRS, 2011 WL 5983352, at *1 (M.D.Fla. Nov.14, 2011) (citing *Hassan v. U.S. Postal Serv.*, 842 F.2d 260, 263 (11th Cir.1988) ("The purpose of Rule 8(c) is simply to guarantee that the opposing party has notice of any additional issue that may be raised at trial so that he or she is prepared to properly litigate it.").) As Judge Presnell has observed: "While affirmative defenses may not have to meet the *Twombly/Iqbal* standard, they must be more than boilerplate." *Smith v. City of New Smyrna Beach*, No. 6:11–CV–1110–ORL–31, 2011 WL 6099547, at *1 (M.D.Fla. Dec. 7, 2011).

*Discussion*

In the motion, Plaintiff argues that each of Defendant's affirmative defenses should be stricken because "each fails to allege any affirmative matter, is legally insufficient, or is merely conclusory, and therefore would serve only to clutter and cloud the issues in the case." The Court agrees, in part.

**First Affirmative Defense**

■ Defendant's First Affirmative Defense states: "The Amended Complaint fails to state a claim upon which relief can be granted." (Doc. 24 at 7). Plaintiff argues that this is not a defense but a conclusory denial. The Court agrees. *See Smith, supra* (striking boilerplate denial as devoid of specifics). The motion is **granted, and this defense is stricken.**

**Second Affirmative Defense**

Defendant's Second Affirmative Defense states:

> The Amended Complaint includes blanket and conclusory allegations of certain material facts, and thus Plaintiff has not given Defendant fair notice of the factual grounds on which its claim for relief in the Amended Complaint rests. As one example, the Amended Complaint fails to allege any facts supporting or explaining Plaintiffs' conclusory statements about Defendant's intent or knowledge regarding the sale of sunglasses at its retail location.

(Doc. 24 at 7). While the Court agrees that this is technically not an affirmative defense (more an objection as to the sufficiency of the allegations of the complaint), as it provides some specifics and the Court sees no prejudice, the Court declines to strike it, but treats it as a denial.

**Third Affirmative Defense**

Defendant's Third Affirmative Defense states: "The Plaintiffs have failed to mitigate damages." (Doc. 24 at 7). The parties disagree as to whether this defense is appropriate where, as here, Plaintiffs elect to recover statutory damages. The Court need not address this disagreement; as, even if the defense were appropriate here, Defendant has failed to plead any facts to support it. *See Merrill Lynch Bus. Fin. Serv., Inc. v. Performance Machine Sys. U.S.A., Inc.*, 2005 WL 975773, at *12 (S.D.Fla. Mar. 4, 2005) (affirmative defenses of failure to state a claim, failure to mitigate damages, waiver and estoppel, and unclean hands stricken because each of these affirmative defenses contained only "a bare-bones conclusory allegation which simply names a legal theory but does not indicate how the theory is connected to the case at hand"). The motion is **granted, and this defense is stricken, with leave to re-plead,** if Defendant can do so consistent with Rule 11.

**Fourth Affirmative Defense**

■ Defendant's Fourth Affirmative Defense states: "As Defendant did not have actual notice of the registration of any protected marks of Plaintiffs, Defendant is not and cannot be liable to Plaintiffs for any infringement as a matter of law." (Doc. 24 at 7). Plaintiffs appear to attack this defense as not pleading plausible facts. On a motion to strike however, the court "must treat all well pleaded facts as admitted and cannot consider matters beyond the pleadings." *Florida Software Systems v. Columbia/HCA Healthcare Corp.*, No. 97–2866–cv–T–17B, 1999 WL 781812 *1 (M.D.Fla. Sept.16, 1999). For present purposes, the motion is denied, as to this defense.[1]

---

1. To be clear, the Court is not finding that the defense is or is not a legally sufficient defense to trademark infringement. Rather, the grounds raised to strike it are based on the plausibility standard, which the Court finds inapplicable here.

### Fifth Affirmative Defense

Defendant's Fifth Affirmative Defense states: "As Defendant did not have knowledge that any goods allegedly sold, distributed, advertised, publicly displayed, or offered for sale bearing the allegedly protected marks at issue were anything less than bona fide goods, Defendant has not willfully infringed, directly or indirectly, any protected marks of Plaintiffs." (Doc. 24 at 7). Plaintiffs argue that this defense merely denies the allegations of the Amended Complaint. Upon review, and absent any prejudice, the Court declines to strike it.

### Sixth Affirmative Defense

Defendant's Sixth Affirmative Defense states:

> Plaintiffs' claims are barred, in whole or in part, because Plaintiffs would be unjustly enriched if allowed to recover all or any part of the damages alleged in Plaintiffs' Amended Complaint. As one example, Plaintiffs ask that this Court enjoin Defendant from selling even bona fide products that bear the Plaintiffs' trademarks. Plaintiffs have not pled any facts supporting such an overbroad injunction, and Plaintiffs would be unjustly enriched by preventing Defendant from selling products that it is legally entitled to sell under the law. (Doc. 24 at 7-8).

Plaintiffs claim that they are unaware of any legal basis that supports the assertion that unjust enrichment is a defense to liability for trademark infringement under the Lanham Act. In response, Defendants cite to *Luxottica Grp., S.p.A. v. Airport Mini Mall, LLC*, No. 1:15–CV–01422–AT, —— F.Supp.3d ——, ——, 2016 WL 2937465, at *5 (N.D.Ga. May 16, 2016) (Lanham Act case where court found "if adequately supported, Defendants' "unjust enrichment" defense is proper under Rule 8(c)'s catch-all provision requiring a party to "affirmatively state any avoidance or affirmative defense." Fed. R. Civ. P. 8(c)"). It is not necessary for the Court to determine whether unjust enrichment is a viable defense to a claim for statutory damages as Defendant seems to direct the defense to the issuance of an overbroad injunction. Regardless, as the grounds for assertion of the defense is not clear here, the defense, as pled, does not give fair notice of the legal and factual basis for the defense. The motion is **granted, and the defense is stricken.** Defendant shall have leave to re-plead the defense, if it can do so consistent with Rule 11.

### Seventh Affirmative Defense

Defendant's Seventh Affirmative Defense states: "The first sale doctrine bars the claim and relief sought within the Plaintiffs' Amended Complaint." (Doc. 24 at 8). Plaintiffs contend that the first sale doctrine does not apply to counterfeit items. Defendant counters that it does not admit that any items were counterfeit, and the doctrine is a valid affirmative defense, if the goods were authentic. "A disputed question of fact cannot be decided on motion to strike." *Augustus v. Bd. of Pub. Instruction of Escambia Cty., Fla.*, 306 F.2d 862, 868 (5th Cir.1962). Resolution of the applicability of this defense must await further developments. For present purposes, however, Defendant must clarify the basis for the assertion of this defense here. The motion is **granted, and the defense is stricken.** Defendant shall have leave to re-plead the defense, if it can do so consistent with Rule 11.

### Eighth and Ninth Affirmative Defenses

Defendant's Eighth Affirmative Defense states: "Plaintiffs' claims should be reduced and/or barred due to the doctrine of waiver." Defendant's Ninth Affirmative Defense states: "Plaintiffs' claims should be reduced and/or barred due to the doctrine of estoppel." (Doc.24 at 8). These

bare bones assertion are mere boilerplate. The motion is **granted, and these defenses are stricken.** Defendant shall have leave to re-plead the defenses, if it can do so consistent with Rule 11.

## Tenth Affirmative Defense

Defendant's Tenth Affirmative Defense states:

Plaintiffs are not entitled to an injunction as it has not adequately pled entitlement to the equitable relief sought in the Amended Complaint. As one example, Plaintiffs ask that this Court enjoin Defendant from selling even bona fide products that bear the Plaintiffs' trademarks. Plaintiffs have not pled any facts supporting such an overbroad injunction that would prevent Defendant from selling products that it is legally entitled to sell under the law. (Doc. 24 at 8).

Although awkwardly worded, it appears that Defendant is putting Plaintiffs on notice that the relief it seeks is overbroad. Absent any prejudice, the Court declines to strike this defense.

## Eleventh Affirmative Defense

■ Defendant's Eleventh Affirmative Defense states: "The doctrine of nominative or descriptive fair use bars the claim and relief sought within the Plaintiffs' Amended Complaint." (Doc. 24 at 8). The Court agrees with Plaintiffs that this is "a bare-bones conclusory allegation which simply names a legal theory but does not indicate how the theory is connected to the case at hand." *Merrill Lynch, supra.* The motion is **granted, and the defense is stricken.** Defendant shall have leave to re-plead the defense, if it can do so consistent with Rule 11.

## Twelfth Affirmative Defense

Defendant's Twelfth Affirmative Defense states "To the extent Plaintiffs can prove that Defendant actually committed any infringement, Defendant is an innocent infringer." (Doc. 24 at 8). Plaintiffs contend that this should be stricken because it is conclusory and legally insufficient, as it relates to remedies. Upon review, the defense serves its purpose of putting Plaintiffs on notice and, absent any prejudice, the Court declines to strike it, but will treat it as a denial.

## Thirteenth Affirmative Defense

■ Defendant's Thirteenth Affirmative Defense states "Plaintiffs have abandoned its trademark asserted in the Amended Complaint." (Doc. 24 at 9). Plaintiffs seek to strike the defense as a mere denial and legally insufficient. In response, Defendant contends that it "cannot tell by Plaintiffs' Amended Complaint which marks were on which products, and Defendant has not had the opportunity to examine the alleged infringing products to determine what marks are on the products, whether those marks belong to the Plaintiffs, and *whether* Plaintiffs have abandoned any of their trademarks" (emphasis added). It argues that assertion of the defense is proper, as "Defendant does not wish to concede any available defenses before it has the opportunity to test the veracity of Plaintiffs' allegations." The Court is unmoved. The defense is pled affirmatively, with no equivocation. Either Defendant has a good faith basis to support this assertion, consistent with Rule 11, or it does not. As Defendant concedes that it presently does not, the motion is **granted,** and the defense is **stricken.** If and when Defendant has grounds to support the defense, it may seek leave to amend its pleading.

## Fourteenth Affirmative Defense

Defendant's Fourteenth Affirmative Defense states: "Any acts or omissions alleged by Plaintiffs were performed by independent third parties who were not under control of Defendant." (Doc. 24 at 9). The Court agrees with Plaintiffs that this defense is too conclusory to provide

fair notice. The motion is **granted**, and the defense is **stricken**. Defendant shall have leave to re-plead the defense, if it can do so consistent with Rule 11.

**Fifteenth Affirmative Defense**

██ Defendant's Fifteenth Affirmative Defense states: "To the extent that any of the acts or omissions alleged in the Amended Complaint are attributable to individuals or entities who are not parties to this action, Defendant is entitled to have any liability reduced accordingly." (Doc. 24 at 9). Plaintiffs point out that comparative fault principles are inapplicable in the context of trademark infringement claims, and moves to strike this defense as legally insufficient. Defendant counters that it has denied any illegal actions, "[t]hus, Plaintiffs err in assuming that Defendant is a joint tortfeasor who is equally responsible for the illegal actions of nonparties." This assertion is not persuasive and amounts to a simple denial of the allegations of liability. As there is no identifiable grounds for asserting a defense of comparative fault, the motion is **granted**, and the defense is **stricken**.

**Reservation of Rights**

As Defendant agrees to withdraw the asserted Reservation of Rights, the motion to strike it is moot.

**Conclusion**

As set forth above, affirmative defenses 1, 3, 6, 7-9, 11, and 13-15 are stricken. To the extent leave to re-plead was granted, Defendant shall have seven calendar days from the date of this Order in which to file an amended pleading.

**DONE** and **ORDERED** in Orlando, Florida on August 2, 2016.